### KILGO v. COOK.

#### Opinion delivered June 13, 1927.

1. WATERS AND WATERCOURSES—NON-NAVIGABLE STREAM AS BOUNDARY.—Where the Government survey took no notice of a non-navigable stream running through it, but surveyed it all as land, under a deed conveying land to defendant to the shore line of the stream, the grantee acquired no title to the bed of the stream as a riparian owner.

2. WATERS AND WATERCOURSES—LAND BORDERING NON-NAVIGABLE STREAM.—Owners of land bordering on a non-navigable stream or lake acquire title only to the middle or thread of such lake or

stream, where the Government survey meandered the boundary line thereof.

3. WATERS AND WATERCOURSES—NON-NAVIGABLE STREAM AS BOUND-ARY.—Where a non-navigable stream is the boundary line between two landowners, and there is no agreement, grant or conveyance to the contrary, each shall own to the middle of the stream.

4. WATERS AND WATERCOURSES—TITLE TO BED OF STREAM.—Where the title to the bed of a non-navigable stream was conveyed to plaintiffs prior to defendant's acquisition of title to land to the shore line, defendant took with notice of such prior grant, and knew that his boundary line was the bank of the stream, and that he acquired no title beyond the bank.

Appeal from Benton Chancery Court; W. S. Floyd, Special Chancellor; reversed.

Rice & Rice and Joe Beasley, for appellant.

John W. Nance, for appellee.

McHANEY, J. War Eagle Creek or river is a non-navigable stream running through the eastern side of Benton County, and for more than 50 years there has been maintained and operated on said stream and on the land in controversy a water-power mill known as the War Eagle Mill. On or about May 15, 1924, the mill was destroyed by fire, and has never been rebuilt. Appellants are the owners of 12 acres of land in sections 3 and 34, section 3 being in township 18 north, range 28 west, and section 34 being in township 19 north, range 28 west, and all of said 12 acres being in the bed of War Eagle Creek, except two or three acres on which the millsite and other buildings are situated. The original Government survey of this land took no notice of War Eagle Creek, as all of it was surveyed as land. Appellee, G. S. Cook, is the owner of 30 acres of land east of War Eagle, his west boundary being the east bank of War Eagle. Both parties deraign title from a common source, A. E. Crossman, who acquired title to this land in 1902, and later, in 1908, mortgaged the 12 acres of land now belonging to appellants to W. H. Allred, which was foreclosed, sold, reported, deed made, confirmed and delivered to appellant, J. B. Kilgo, in 1915, who, in

December, 1915, sold and conveyed same to B. B. Kilgo and H. R. Crossman, and in 1917 said Crossman conveyed his half interest therein to J. B. Kilgo. Said tract is described as follows: "Beginning at an iron stake driven in the ground about six feet north of a maple tree at the northeast corner of the blacksmith lot, thence west across War Eagle Creek to a point just south of the county road and west of War Eagle Creek, thence south and with War Eagle Creek to the south line of the north half of the northeast quarter of section 3, township 18, range 28, thence east across War Eagle Creek to the east bank of same, thence northerly with said bank to a maple tree three feet in diameter, thence northeast with a row of maple trees to the place of beginning, in section 34, township 19, range 28, and containing twelve acres, more or less, and being the lands upon which the War Eagle Mill property is located."

Appellee, Cook, acquired his land adjacent to appellant's land on War Eagle from the executor of the will of Samuel Burks, who acquired title from said A. E. Crossman, to the following described tract: "Part of the north half of the northeast quarter of section 3, township 18 north of range 28 west, and a part of the south half of the southeast quarter of section 34 in township 19 north of range 28 west, beginning 3 chains and 32 links north and 8 chains and 64 links west of the southeast corner of section 34, township 19 north of range 28 west, running thence south 8 degrees with the plank fence now on said land to the south line of the northeast quarter of the northeast quarter of section 3, in township 18 north of range 28 west, running thence west to War Eagle Creek, thence down War Eagle Creek to a large sycamore tree 100 feet, more or less, south of the War Eagle mill; running thence in a northeasterly direction to the south maple tree in a row of maple trees; thence northeast with said row of maple trees to a rock riprap; thence east to the county road; thence east with said county road to the northwest corner of a tract of

land formerly owned by Evaline Sharp, now owned by Mr. Fitzsimmons; thence south to the old Burks tract of land; thence west to the place of beginning; except a lot of said land heretofore sold to G. S. Cook by Samuel Burks, leaving a balance of thirty acres, more or less." His deed to this land is dated June 30, 1917.

This controversy arises over the rights of piscary, boating, swimming, and, in general, commercializing the waters in War Eagle Creek over the land of appellants by appellee, who has erected a number of cottages on his land for rent to tourists and others, who are attracted thereto by the excellent fishing, boating, bathing and swimming facilities afforded by the waters of War Eagle, forming the lake above the mill-dam on the lands of appellants. This suit was brought by appellants to enjoin the commercializing of the waters over their land by appellee, and, on a hearing, the court dismissed the complaint for want of equity, from which is this appeal.

The only question for decision in this case by this court is, did appellee, by virtue of his deed of June 30, 1917, conveying to him the 30 acres of land by the executor of Samuel Burks, the west boundary of which was the east shore line of War Eagle, acquire any title to the bed of the stream as a riparian owner? We are of the opinion, and therefore hold, that he did not. Appellee is not a riparian owner. War Eagle Creek was not meandered by the Government survey, and, as heretofore stated, no notice of it was taken by the surveyors as water, but it was included in the survey as land. Of course, if appellee was a riparian owner on an unsurveyed or a meandered non-navigable stream, he would take title to the middle or thread of the stream. *Chapman & Dewey Land Co.* v. *Bigelow,* 77 Ark. 338, 92 S. W. 534; *Rhodes* v. *Cissel,* 82 Ark. 367, 101 S. W. 758; *Little* v. *Williams,* 88 Ark. 37, 113 S. W. 340; *Glasscock* v. *National Box Co.,* 104 Ark. 154, 148 S. W. 248; *Barboro* v. *Boyle,* 119 Ark. 377, 178 S. W. 378. It may be stated as a proposition of law, well settled by the former decisions of this court, that owners of land bordering on a non-

navigable stream or lake, where the Government survey meandered the boundary lines thereof, making fractional sections along the bed or shore line of such stream or lake, such owners acquire title only to the middle or thread of such lake or stream. *Chapman & Dewey Land Co.* v. *Bigelow, supra,* and cases above cited.

As is said in 40 Cyc. 552, "When a stream is the boundary line between the two landowners, and there be no agreement, grant or conveyance to the contrary, each shall own to the middle of the stream." But in this case, at this place, War Eagle Creek is privately owned, not meandered, and the title to its bed passed by deed of the owner just the same as the adjacent land. The stream is not the boundary between appellants and appellee. There was a prior conveyance to appellant to the very land over which appellee seeks to trespass, and he has no more right to trespass on the water over appellant's land than he would on the land not covered by water. And, even though it could be said that appellee is a riparian owner with title to the middle of the stream, he would have no right to exercise acts of ownership beyond such dead-line, or license others to do so against the wish and will of appellant. The title to the bed of the stream having been conveyed to appellant prior to appellee's acquisition of title, appellee took with notice of the prior grant, and must be held to have known that his western boundary line was the brink of the east bank of War Eagle Creek, and that he acquired no title beyond the ripa.

It necessarily follows from what we have said that the decree dismissing the complaint for want of equity is error. The cause will be reversed, and remanded with directions to enter a decree in accordance with the prayer of the complaint and not inconsistent with this opinion. It is so ordered.