McKee v. Gay.

5-999

293 S. W. 2d 450

Opinion delivered June 18, 1956.

[Rehearing denied October 1, 1956.]

William S. Arnold, for appellant.

Etheridge & Sawyer, for appellee.

PAUL WARD, Associate Justice. Prior to 1927 C. L. Gay was the owner of Section 33, Township 16 South, Range 4 West in Ashley County Arkansas. In the Southwest quarter of said section there is a brake or slough, known as Holloway Brake, which lies [for all purposes of this opinion] in the shape of a horseshoe with the south prong intersecting the west boundary line of said quarter section of land near the southwest corner thereof and with the north prong cutting the west boundary line of said quarter section of land approximately 1,500 feet (or more) to the north. The brake or

slough itself is apparently several hundred feet wide, and within the horseshoe there is approximately 35 or 40 acres of land — the exact amount of land being immaterial at this point.

On December 29, 1927 the said C. L. Gay made a deed to one A. T. Christian to the land within the horseshoe [and part of the brake or slough] by a description which reads as follows:

"Beginning at a point at the *low-water mark* on the line running between Sections 32 and 33 on the South side of the inside of the shoe of Holloway Brake, thence running South along said line between Sections 32 and 33, 1,523 feet, to the *low-water mark* on the North side of Holloway Brake, thence Eastward along the *low-water mark* of said Brake to a point of beginning, containing 43 acres, more or less." (emphasis supplied)

On October 27, 1947 A. T. Christian conveyed to appellant, Frank McKee, the same land described above by a deed containing exactly the same description. Previously thereto, and on May 27, 1944, the said C. L. Gay deeded to appellees, G. W. Gay and C. A. Gay, all of the land he owned in said Section 33 (including of course the Southwest quarter thereof) by a description which reads as follows:

"All of Section 33, Township 16 South, Range 4 West, except 43 acres, more or less, lying East of the Section line between Section 32 and Section 33 in the bend of Holloway Brake."

The proof indicates that there is valuable timber growing in Holloway Brake, and apparently the question of the ownership of this timber led to this litigation. Holloway Brake appears to be a marshy depression, some times being practically filled with water and at other times it is practically dry or the water stands in holes. It is stipulated and agreed that the brake is not a navigable stream, and on this fact appellant bases his contention that by virtue of his deed aforementioned he is a riparian owner and as such, under the law, he is the owner of Holloway Brake to the center line thereof. It is the contention of appellees, however, that appellant

is not a riparian owner and that his land extends only to the limits of the boundaries described in his deed.

It is our conclusion that appellant's contention cannot be sustained.

Under the holding of this court in *Kilgo* v. *Cook,* 174 Ark. 432, 295 S. W. 355, and under the holding by the Supreme Court of Wisconsin in the case of *Allen* v. *Weber, et al.,* 80 Wis. 531, 50 N. W. 514, 27 Am. St. Rep. 51, we are forced to conclude that appellant is entitled to no more land than is contained within the boundaries set out in the deed to him. In the *Kilgo* case, supra, appellee claimed the rights of a riparian owner under a deed which fixed as one of his boundaries the bank of War Eagle Creek. The court there noted that appellant Kilgo had previously thereto become the owner of the entire bed of War Eagle Creek by virtue of the fact that said creek had not been meandered by the government survey. In disposing of Cook's contention the court said:

"The title to the bed of the stream having been conveyed to appellant prior to appellee's acquisition of title, appellee took with notice of the prior grant and must be held to have known that his western boundary line was the brink of the east bank of War Eagle Creek, and that he acquired no title beyond the ripa."

In the *Allen* case, supra, the same question raised here by appellant was decided adversely to his contention where the language in the description of the deed was very similar to that contained in appellant's deed. In that case the court commenting on a description containing the words: " 'To the *low-water mark;* thence northerly along the *low-water mark* . . .' " (emphasis supplied), stated that "There could be no language of description more clearly indicating the exact line than is found in the conveyances of this strip of land; . . ." The court also said: "The language 'along the bank' is not as certain and specific as the language 'along low-water mark.' " The court in the *Allen* case also commented on the fact that the description in the deed there under consideration was an indication of the

intention of the parties to convey only the land described. In the case under consideration all of the facts and circumstances indicate clearly that it was the intention of C. L. Gay in his deed to Christian to convey only the land contained within the boundaries of the deed of conveyance, and the record also discloses that the government survey took no note of the land now constituting Holloway Brake.

This suit was instituted by appellees for a declaratory judgment, asking the court to set out their rights and interests in Holloway Brake as opposed to appellant's claim. The trial court's finding in favor of appellees was based upon the principles above announced, but we are somewhat disturbed about the court's language in describing the dividing line between appellant and appellees. It appears to us that the court's description may or may not be correct. It followed generally the same language used in the deed of conveyance to appellant and then attempted to explain that the low-water mark was to be determined by reference to the character of soil and the appearance of vegetation, etc., realizing, no doubt, the difficulty of determining what the low-water mark was at the time the land was surveyed just prior to the first deed executed by C. L. Gay in 1927. It occurs to us that since the one definite description contained in the 1927 deed was the west boundary line of the 43 acres there described, this west boundary line being 1,523 feet north and south along the section line between Sections 32 and 33, we think the trial court made a helpful suggestion, [not taken advantage of by either party] that a surveyor be employed [at the cost of both parties] to determine a clear description of appellant's land. Obviously, if a surveyor could mark off 1,523 feet along said dividing section line with each end thereof extending into the brake and being of the same elevation, that such a line would be the true west boundary line of appellant's property. If such a line could be established, then the line drawn from one end thereof around the edge of the brake, maintaining the same level, to the other end of the line, would constitute a true designation of the line between the two parcels of land here

involved. As stated above it is possible that the line designated by the trial court duplicates the line which we have suggested but on the other hand it is possible that it does not.

Therefore we have decided to remand this cause so that the trial court may give both sides a reasonable time in which to request a survey if one is so desired. If no survey is requested by either party within the time fixed by the trial court, it will then reaffirm the decree already rendered by it herein.