Doris MIKEL v. Donald D. HUBBARD and
Hubbard Marine Service, Inc.

93-755                                          876 S.W.2d 558

Supreme Court of Arkansas
Opinion delivered May 23, 1994
[Rehearing denied June 27, 1994.]

126

*Shock, Whitmore & Harp*, by: *J. Randolph Shock* and *Troy R. Douglas*, for appellant.

*Shaw, Ledbetter, Hornberger, Cogbill & Arnold*, by: *Robert E. Hornberger*; and *Willard C. Smith, Jr.*, for appellees.

ROBERT H. DUDLEY, Justice. Plaintiff Doris Mikel alleged defendant Hubbard Marine wrongfully occupied her land on the east side of the Poteau River. The jury returned a defendant's verdict, and a judgment was accordingly entered. We affirm the judgment.

The interesting facts of this case are as follows. In 1820, 1825, and 1830, Congress ratified the Treaty of Doak's Stand, the Treaty of Washington, D. C., and the Treaty at Dancing Rabbit Creek with the Choctaw Indian Nation. These treaties placed title to land that was west of the western boundary of Arkansas in the Choctaw Indian Nation. At the time of statehood, in 1836, the western boundary of Arkansas was east of the Poteau River. In 1904, the area between the western boundary of Arkansas and the Poteau River was platted and subdivided as part of West Fort Smith, Choctaw Nation, Indian Territory. In 1905, Congress extended the western boundary of Arkansas to the thread of the Poteau River and, by moving the boundary west, placed the land in dispute in Arkansas. In 1908, the Choctaw Indian Nation began selling its platted lots in West Fort Smith, Arkansas. In 1909, the area was annexed into Fort Smith, Arkansas. In 1918, William Ray purchased unallotted Indian land tracts 510 and 526 and subsequently wrote a letter of complaint to the Commissioner of the Five Civilized Tribes that the lots "were badly damaged by the river." Part of these two tracts was later acquired by plaintiff Mikel as Lot 7 of West Fort Smith. In 1981, defendant Hubbard Marine purchased lots 10 and 11, which are part of Lot 7, and constructed a concrete driveway and dock that extend into the river. Plaintiff Mikel contends the driveway and dock are on her land.

Plaintiff filed this suit in ejectment, and thus had the burden of proving title to the land by relying upon the strength of her title and not upon the weakness of the defendant's claim. *See Jones* v. *Brooks*, 233 Ark. 148, 343 S.W.2d 99 (1961). Hubbard Marine pleaded that it had acquired the right to the land, on which it built the driveway and dock, through accretion to lots 10 and 11. Both parties acknowledge that accretion is an affirmative defense and that Hubbard Marine had the burden of proof on the issue. *See Simpson* v. *Martin*, 174 Ark. 956, 298 S.W.2d 861 (1927). The trial court charged the jury on the law of accretion. The verdict was a general verdict for the defendant, and we have no way of knowing whether the jury found that plaintiff failed to establish her title, or whether it decided that the defendant proved it was entitled to the land through accretion.

Plaintiff makes six assignments of error, but we are able to reach only one of the points, as the other five are procedurally barred. The assignment we reach involves Hubbard Marine's cross-examination of Doris Mikel about her complaint and amended complaint. Hubbard Marine's attorney asked plaintiff if she had alleged in her complaint that the offending activity began in August of 1981. Plaintiff's attorney objected, and the trial court overruled the objection. Hubbard Marine's attorney then began a question with the phrase, "Seven years after you went down there and first saw. . .," and plaintiff's attorney objected. The trial judge sustained the objection and, at Ms. Mikel's request, instructed the jury that a complaint initially was filed in Federal District Court in 1986. In her brief, plaintiff argues: "Introduction of a complaint into evidence is reversible error. *Razorback Cab of Fort Smith, Inc.* v. *Lingo*, 304 Ark. 323, 802 S.W.2d 444 (1991). Likewise, examination of a witness concerning specific allegations in that pleading should be inadmissible."

■■ Plaintiff cites no authority for the argument that a party cannot be cross-examined about his or her pleadings and does not make any further argument. When an appellant neither cites authority, nor makes a convincing argument, and where it is not apparent without further research that the point is well taken, we will affirm. *Firstbank of Arkansas* v. *Keeling*, 312 Ark. 441, 850 S.W.2d 310 (1993). We will not do appellant's research. *Id.* Further, it is clear that Rule 613 of the Arkansas Rules of Evidence provides for examination of a witness concerning his

or her prior statement. Plaintiff's second objection, made soon after the first, was sustained, and an admonition was given as she requested. A party cannot complain when he or she has received all the relief requested. *Odum* v. *State*, 311 Ark. 576, 845 S.W.2d 524 (1993). Thus, the assignment of error is without merit.

■■ Each of the other five points of appeal are either procedurally barred or, at most, harmless error, and we treat them only briefly. In one of the points, plaintiff argues that the trial court erred in failing to direct a verdict in her favor on Hubbard Marine's affirmative defense of accretion, but plaintiff did not make such a motion at either the close of the defendant's affirmative defense or after her rebuttal of the affirmative defense. In a trial by jury, a trial court is not required to grant a directed verdict on its on motion. *See* ARCP Rule 50(a) & (e); *see also Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980). At a later time, during discussion of the proposed instructions, plaintiff stated that the trial court should have granted a directed verdict, but even at that late time, there was no ruling by the trial court. Even though the point was already waived, *see Thomas* v. *State*, 315 Ark. 504, 868 S.W.2d 483 (1994), it was up to appellant to obtain a ruling in order to even possibly preserve the issue for appeal. *Mine Creek Contractors, Inc.* v. *Grandstaff*, 300 Ark. 516, 780 S.W.2d 543 (1989).

■ Plaintiff also contends that the general verdict was "not supported by a preponderance of the evidence." Determining the preponderance of the evidence is for the jury, and an appellate court will not reweigh the evidence. However, it does not appear that this is what plaintiff is really asking us to do. In her argument, she contends that there was no evidence whatsoever to contradict her ownership of the property and that we should reverse and declare that she is the owner of the property. She did not move for a new trial, and this is not an appeal from a ruling denying a new trial. *See* ARCP Rule 59(a)(6). In addition, plaintiff did not move for a directed verdict on her case-in-chief, nor did she move for a directed verdict on Hubbard Marine's affirmative defense. The sufficiency of the evidence was never raised in the trial court by plaintiff, and she cannot raise it for the first time on appeal. ARCP Rule 50(e); *Willson Safety Prods.* v. *Eschenbrenner*, 302 Ark. 228, 788 S.W.2d 729 (1990).

■ Plaintiff also argues that the doctrine of collateral estoppel barred Hubbard Marine from acquiring the land in dispute, but plaintiff neither pleaded collateral estoppel, *see* ARCP Rule 8(c), nor did she mention the words "collateral estoppel" to the trial court. Plaintiff seems to contend that by asking the trial court to take judicial notice of the case of *City of Fort Smith* v. *Mikel*, 232 Ark. 143, 335 S.W.2d 307 (1960), she apprised the trial court that she was raising the issue. The request to take judicial notice of a case was not sufficient to give the trial court notice that she was claiming collateral estoppel, especially in the context in which the request was made, but even if it were sufficient, there was no ruling on the issue. The burden of obtaining a ruling is on the party who asks for the ruling. *Firstbank*, 312 Ark. at 444, 850 S.W.2d at 312.

■ In yet another point, plaintiff argues that the trial court erred in refusing to instruct the jury on punitive or treble damages. Because of the defendant's verdict, the jury may have never considered the issue of damages, and, consequently, appellant cannot demonstrate prejudice. *Carton* v. *Missouri Pac. R.R.*, 315 Ark. 5, 865 S.W.2d 635 (1993). We will not reverse in the absence of prejudice. Any alleged error regarding punitive damages is, at most, harmless error, when no consequential damages were awarded. *National Bank of Commerce* v. *Beavers*, 304 Ark. 81, 802 S.W.2d 132 (1991).

■ Finally, plaintiff contends that the trial court erred in instructing the jury on the law of accretion. Plaintiff's abstract on the point is as follows:

> Plaintiff objected to any instructions on accretions. (Five instructions from T-1046 to T-1050 variously defining accretions) The objection to accretions was clearly made in chambers on the basis of two cases on which the Court had previously taken judicial notice for the record and because directed verdict should have been rendered on the affirmative defense of accretions.

As previously set out, the plaintiff never moved for a directed verdict; therefore, the trial court clearly did not err in giving the instructions on that basis. The two cases plaintiff asked the trial court to take judicial notice of were *Choctaw Nation* v. *Okla-*

*homa,* 397 U.S. 620 (1970) and *City of Fort Smith* v. *Mikel,* 232 Ark. 143, 335 S.W.2d 307 (1960). The trial court ruled that it would take judicial notice of the two cases for the purpose of establishing plaintiff's chain of title. There was nothing specific in the request to take judicial notice of the two cases that would cause the trial court to refuse the instructions on accretion. No party may assign as error the giving of an instruction unless he or she states distinctly the matter to which he or she objects and the grounds of the objection. ARCP Rule 51; *Davis* v. *Arkansas Highway Comm'n,* 290 Ark. 358, 719 S.W.2d 694 (1986). In her brief, plaintiff changes citations and grounds for objecting to the instructions and for the first time argues the instructions were erroneous under the law announced in *Nilsson* v. *Latimer,* 281 Ark. 325, 664 S.W.2d 447 (1984), *McKee* v. *Gay,* 226 Ark. 585, 293 S.W.2d 450 (1956), and *Kilgo* v. *Cook,* 174 Ark. 432, 295 S.W.2d 355 (1927). (The latter two of the cases were both overruled in part by *Nilsson.*) The law as set out in those cases was not specifically presented to the trial court; consequently, the plaintiff is barred from now raising this argument. Further, Hubbard Marine offered evidence which would authorize giving the instructions, and a trial court must give an instruction when the evidence warrants. *Parker* v. *Holder,* 315 Ark. 307, 867 S.W.2d 436 (1993).

Affirmed.