The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, AR 71611
Dear Senator Bradford:
This is in response to your request for an opinion on behalf of the City of Cabot, Arkansas. You state that the City has purchased property and that there is a provision on the deed that reserves water rights. You have asked whether or not water rights can be reserved in a real estate transaction in Arkansas.
My research indicates that water rights can, as a general matter, be reserved.[1] It also appears, however, that the question of whether any such rights have been effectively reserved in a given instance will depend upon the specific language of the conveyance, and perhaps other surrounding facts. See generally Nilsson v. Latimer, 281 Ark. 325,664 S.W.2d 447 (1984). This question should thus be referred to the City's local counsel for a conclusive determination.
The conclusion that water rights can, generally, be reserved is indicated by the following language in Nilsson, supra:
 It has long been a rule of property that absent an express reservation by the grantor, a conveyance of riparian property conveys title to the thread of the stream unless a contrary intention appears or is clearly inferable from the terms of the deed.
281 Ark. at 327 (citations omitted).
The court in Nilsson held that the general presumption of riparian rights[2] was not defeated by the terms of the deed describing that part of the land bounding the water. The deed described the land by a call to the bank and not to the river. Id. at 327. It was thus contended that the grantee did not receive title to any part of the bed of the stream and, therefore, was not a riparian owner. Id. The court rejected the argument, stating: [T]he grantee takes title to the bed, irrespective of whether the call is to the river or to the bank, if there is no specific reservation of the bed by the grantor, or a clear manifestation of such intent." Id. at 328. Compare Kilgo v. Cook, 174 Ark. 432, 295 S.W. 355
(1927) (language in deed held sufficient under the circumstances to defeat the general presumption of riparian rights where a prior deed expressly conveyed the entire bed of the stream).
It becomes apparent that the language of the particular deed or other instrument conveying title, as well as any relevant surrounding circumstances, must be considered in order to determine whether any water rights have been reserved. Although you have not provided any specific facts, I assume that the City in this instance would otherwise be a riparian owner, absent an express reservation. See generally Harrell v.City of Conway, supra, and Lingo v. City of Jacksonville, supra
(reflecting the fact that a city can be a riparian owner the same as a private party). I also assume that the City has not proceeded by eminent domain to acquire the property for waterworks purposes. See generally
A.C.A. §§ 14-234-215 and 18-15-401. In all likelihood, under these circumstances the language of the deed, and perhaps the existence of other conveyances, will be determinative of the particular water rights in question.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] But see A.C.A. § 15-22-911(g) and (h) (Repl. 1994), part of the Arkansas Groundwater Protection and Management Act ("Act"), regarding "water rights" within a "critical groundwater area." A "water right" under that Act cannot be conveyed separate from the described realty. A.C.A. § 15-22-911(g). Subsection (h) of § 15-22-911 states: "Water rights [as defined in the Act] shall be an incident of surface ownership of the realty and shall, upon notice to the [Arkansas Soil and Water Conservation Commission], be transferred to the new landowner." "Water right" under this provision means "the authority or permission issued by the commission under this subchapter to use groundwater within a critical groundwater area[.]" A.C.A. § 15-22-903(12). Section 15-22-903(6) states that "`[c]ritical groundwater area' is defined in the Arkansas Water Plan developed by the commission under its authority in § 15-22-503[.]"
[2] Water rights in Arkansas are governed, generally, by the "riparian rights" doctrine of law. See Harrell v. City of Conway, 224 Ark. 100,102, 271 S.W.2d 924 (1954). This doctrine is based on the old common law relative to water rights, which gave the owners of land bordering on streams the right to use the water as an incident to the ownership of land. Harris v. Brooks, 225 Ark. 436, 441, 283 S.W.2d 129 (1955). Arkansas has adopted the so-called "reasonable use" theory, concerning such water rights, under which ". . . each riparian owner has an equal right to make a reasonable use of waters subject to the equal rights of other owners to make the reasonable use. . . ." Id. at 443 (citation omitted). Arkansas has also applied the reasonable use rule to subterranean waters, that is, the Arkansas Supreme Court has held that landowners are entitled to a reasonable use of their subterranean water rights. See Lingo v. City of Jacksonville, 258 Ark. 63, 522 S.W.2d 403
(1975), citing Jones v. Oz-Ark-Val Poultry Co., 228 Ark. 76,306 S.W.2d 111 (1957). Subterranean waters are divided into two legal classes: percolating waters and underground streams. Oz-Ark-Val PoultryCo., 228 Ark. at 79.