Cleo HALL, as Personal Representative of the Estate of James A. Neasley, Deceased *v.* SUMMIT CONTRACTORS, INC., Henry Winberry, A J Winberry, Joe Parker, David Wall, Richard Carey, HRH Safety & Health Systems, Inc., and John Does 1-50

03-709          158 S.W.3d 185

Supreme Court of Arkansas
Opinion delivered April 8, 2004

610

*Eugene J. Mazzanti*, for appellant.

*Anderson, Murphy & Hopkins, L.L.P.*, by: *Scott D. Provencher*, for appellee HRH Safety and Health Systems.

*Wright, Lindsey & Jennings LLP*, by: *Alston Jennings, Jr.*, for appellee Summit Contractors.

TOM GLAZE, Justice. This is an appeal from a wrongful-death case. In January of 1997, James Arthur Neasley, a resident of Pulaski County, was working at the construction site of an apartment complex in Memphis, Tennessee. Appellee Summit Contractors was the contractor at the site. On January 16, Neasley was erecting trusses on the top of the building under construction when he fell to the ground and sustained injuries that required the removal of his kidney, partial removal of his colon, and exploratory abdominal surgery. Neasley died from complications from his injuries on February 7, 1997.

On November 12, 1999, Neasley's mother, appellant Cleo Hall, filed a wrongful- death suit in Pulaski County Circuit Court against Summit Contractors and a number of John Doe defendants. By way of a second amended complaint, filed on October 30, 2000, Hall added HRH Safety and Health Systems ("HRH") as a defendant. HRH had contracted with Summit Contractors to develop and implement a safety program at the construction site

where Neasley was working at the time of his accident. A fourth amended complaint added breach-of-contract claims against HRH.

On November 14, 2001, HRH filed a motion for summary judgment,[1] alleging, among other things, that because the accident and injuries occurred in Tennessee, Hall's action was barred by Tennessee's one-year statute of limitations governing wrongful-death lawsuits. HRH contended that Hall's initial complaint was time barred because she did not file her complaint until almost three years after Neasley's accident; her second amended complaint, adding HRH, was not filed until more than three and a half years after Neasley's death.

The trial court granted the summary-judgment motions filed by HRH and Summit, finding that Tennessee's one-year limitations period applied and barred Hall's action, rather than Arkansas' three-year statute of limitations governing wrongful-death claims. *See* Ark. Code Ann. § 16-56-202 (1987). Because Hall had outstanding claims against other defendants, she requested, and the trial court agreed to enter, an order certifying Hall's interlocutory appeal of the order granting summary judgment. *See* Ark. R. Civ. P. 54(b). Hall raises the following three points for reversal: 1) her claims against HRH and Summit are not barred by Tennessee's one-year statute of limitations; 2) her cause of action is not barred by the application of the Uniform Conflict of Laws Limitation Act, particularly § 16-56-202; and 3) her second amended complaint was not barred by the three-year statute of limitations provided by the Arkansas wrongful-death statute.

■■ Our standard of review for summary judgment cases is well established. Summary judgment should only be granted when it is clear that there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *Stephens v. Petrino*, 350 Ark. 268, 86 S.W.3d 836 (2002); *City of Barling v. Fort Chaffee Redev. Auth.*, 347 Ark. 105, 60 S.W.3d 443 (2001). The purpose of summary judgment is not to try the issues, but to determine whether there are any issues to be tried. *BPS, Inc. v. Parker*, 345 Ark. 381, 47 S.W.3d 858 (2001).

As noted above, Hall challenges the trial court's finding that, under § 16-56-202, Tennessee's one-year statute of limitations

---

[1] Summit Contractors adopted HRH's summary-judgment motion.

was applicable, rather than Arkansas' three-year statute. Section 16-56-202 provides in pertinent part that, "if a claim is *substantially based* . . . [u]pon the law of one (1) other state, the limitation period of that state shall apply." § 16-56-202(a)(1) (emphasis added). The Commissioners' Comment to this section notes that the Act "treats limitation periods as substantive, to be governed by the limitations law of a state whose law governs other substantive issues inherent in the claim. This is true whether the limitation period of the substantively governing law is longer or shorter than that of the forum's law." Comment to § 16-56-202. Thus, if Hall's claim was "substantially based" on the law of Tennessee, under § 16-56-202, her claim would be barred by that state's one-year statute of limitations.

Tennessee's applicable statute of limitations is found in Tenn. Code Ann. § 28-3-104(a)(1), which provides that "[a]ctions for . . . injuries to the person" shall be commenced within one year after the cause of action accrued. Tennessee cases have been clear for more than a century that this statute of limitations applies to wrongful-death actions. *See Lynn v. City of Jackson*, 63 S.W.3d 332 (Tenn. 2001); *Gosnell v. Ashland Chemical, Inc.*, 674 S.W.2d 737 (Tenn. Ct. App. 1984); *Jones v. Black*, 539 S.W.3d 123 (Tenn. 1976); *Whaley v. Catlett*, 53 S.W. 131 (Tenn. 1899).

■ Clearly, the wrongful-death claim was substantially based on Tennessee law: the construction job where Neasley went to work was in Tennessee; Neasley, who lived in Arkansas, purposely went to Tennessee to take part in the construction job; the accident that caused Neasley's death took place in Tennessee; and any negligence that led up to that accident occurred in Tennessee. In sum, it is readily apparent that the lawsuit was substantially based on Tennessee law, and therefore subject to Tennessee's one-year statute of limitations.

■ ■ We note that the Arkansas General Assembly repealed the Arkansas Limitations Act by enacting Act 310 of 1999; however, that change is of no import. Here, Neasley died in February of 1997. At the time when our state legislature repealed its Limitations Act (Act 310 was approved on February 25, 1999), Tennessee's one-year statute of limitations had already expired; Hall's wrongful-death claim was therefore time-barred in that state. This court has held that the legislature may retroactively increase the length of a statute-of-limitations period to cover claims already in existence, but it "*may not expand a limitation period*

*so as to revive a claim already barred." Chunn v. D'Agostino*, 312 Ark. 141, 847 S.W.2d 699 (1993) (emphasis added); *Johnson v. Lilly*, 308 Ark. 201, 823 S.W.2d 883 (1992). In *Johnson, supra,* this court explained the reason for this rule as follows:

> [W]e have long taken the view, along with a majority of the other states, that *the legislature cannot expand a statute of limitation so as to revive a cause of action already barred. Rhodes v. Cannon,* 112 Ark. 6, 164 S.W. 752 (1914); *Couch v. McKee,* 6 Ark. 484 (1845). In *Wasson v. State ex. rel. Jackson,* 187 Ark. 537, 60 S.W.2d 1020 (1933), this court wrote:
>
>> In most jurisdictions it is held that, *after a cause of action has become barred by the statute of limitations, the defendant has a vested right to rely on that statute as a defense, and neither a constitutional convention nor the Legislature has power to divest that right and revive the cause of action.* Where title to property has vested under a statute of limitation, it is not possible by an enactment to extend or revive the remedy since this would impair a vested right in the property.
>
> *Id.* at 538, 60 S.W.2d at 1020-21 (quoting 6 R.C.L., p. 309).

*Johnson,* 308 Ark. at 203-04 (emphasis added).

■ As noted above, § 16-56-202 was still in effect at the time of Neasley's accident and death. Therefore, because the claim was substantially based on Tennessee law, the Tennessee statute of limitations applied to the claim. Once that one-year statute of limitations expired in February of 1998, the defendants in this case had "a vested right to rely on that statute as a defense," *Johnson, supra,* and the legislature's subsequent repeal of the Limitations Act could not revive a claim that was already time-barred.[2]

---

[2] Hall raises an argument that the Limitations Act does not bar her claim, citing § 16-56-202(a)(2) in support. That section provides that, if a claim is substantially based "[u]pon the law of more than one (1) state, the limitation period of one (1) of those states, chosen by the law of conflict of laws of this state, shall apply." However, her claim is *not* substantially based on the law of more than one state; as discussed above, it is substantially based on the law of Tennessee. Further, she makes no genuine argument that her claim is substantially based on Arkansas law; rather, she simply states that Neasley's death "is potentially governed by the laws to two states — Tennessee, where the negligence occurred, and Arkansas,

Hall raises an alternative argument, contending that the "unfairness" exception found in § 16-56-204 should govern this case. That exception is as follows:

> If a court of competent jurisdiction determines that the limitation period of another state, applicable under §§ 16-56-202 and 16-56-203, is substantially different from the limitation period of this state and has not afforded a fair opportunity to sue upon, or imposes an unfair burden in defending against the claim, the limitation period of this state shall apply.

Hall argues that Tennessee's one-year statute of limitations is unfair, because it "does not afford a reasonable opportunity to sue."

In support of her argument, Hall cites *American General Fire & Casualty v. Wal-Mart Stores, Inc.*, 791 F. Supp. 763 (W.D. Ark. 1992). There, the parties agreed that the substantive law of Louisiana applied to the case, which triggered § 16-56-202. However, the federal district court pointed out that Louisiana had a one-year statute of limitations on product liability claims, whereas Arkansas' limitations period was three years; it further found that the "unfairness" exception in § 16-56-204 should apply, because the plaintiffs did not have a fair opportunity to sue within one year. The federal court noted the fact that the lawsuit was brought by the insurance company, as subrogee of an insured homeowner, against the manufacturer and the seller of an iron which caused a house fire. The iron was purchased in Louisiana after being shipped there from Arkansas. The court observed that the investigation had to make its way not only through the plaintiff insurance company's internal processes, but also through investigations by both the manufacturer and the manufacturer's insurance carrier. The federal court held, "[G]iven the number of steps involved in processing the claims of both plaintiff's insured and plaintiff, it is obvious that a considerable amount of time would inevitably pass before plaintiff could responsibly determine that a lawsuit was appropriate and then file that suit." *American General*, 791 F. Supp. at 766.

Here, the only investigation required by Arkansas law is the general investigation required by Ark. R. Civ. P. 11. Hall makes no argument that she would have been unable to conduct

---

where Neasley resided and where his estate was probated." However, she offers no convincing argument or authority that would explain why a wrongful-death action that accrued as the result of an accident in Tennessee would be "substantially based" on Arkansas law.

such an investigation within one year of Neasley's death, or even asserts any facts that would indicate that she encountered any kind of substantial barriers to instituting suit within one year; instead, she simply asserts that Tennessee's one-year statute of limitations is unfair and does not afford a reasonable opportunity to sue. However, this bald assertion of "unfairness," with no evidence to support it, is insufficient to warrant reversal. *See Mikel v. Hubbard*, 317 Ark. 125, 876 S.W.2d 558 (1994) (this court will not reverse in the absence of prejudice).

Finally, Hall argues that her second amended complaint is not barred by the three-year statute of limitations, because she properly utilized Arkansas' "John Doe statute," Ark. Code Ann. § 16-56-125 (1987), to toll the statute of limitations as to HRH. Hall filed her second amended complaint, naming HRH for the first time, on October 30, 2000. On appeal, she argues that she did not discover the identity of HRH until she received answers to interrogatories and requests for production of documents from Summit on August 2, 2000. Because she amended her complaint to substitute HRH for one of the John Doe defendants within the ninety days allotted by § 16-56-125, she claims, the second amended complaint was timely as to HRH. Of course, for this argument to have any merit, this court would have to apply Arkansas' three-year statute of limitations. As discussed above, however, Tennessee's one-year statute of limitations governs this case, and therefore, Hall's second amended complaint naming HRH was filed well outside of the applicable time limits.

Affirmed.