Penelope Marcheta NICHOLS a/k/a SISTER PENNY
*v.* STATE of Arkansas

CR 80-262                           620 S.W. 2d 942

Supreme Court of Arkansas
Opinion delivered September 14, 1981

*E. Alvin Schay,* State Appellate Defender, by: *Linda Faulkner Boone,* Deputy Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. In August, 1980, an information charging the offense of manufacturing marihuana was filed against the appellant, who prefers to be called Sister Penny, and against Sister Nora, another member of the Church of the New Day Missionaries. After an extended pretrial hearing on October 27 the case was tried before a jury on November 6 and 7. A severance was granted during the trial. Sister Penny's case was submitted to the jury, which found her guilty of possession of marihuana and imposed a sentence of six months in the county jail. This appeal is from a judgment on the verdict. Four points for reversal are argued by the Appellate Public Defender.

First, the defendants allowed their retained lawyers to withdraw from the case, because the defendants repeatedly and doggedly insisted upon their right to be represented by

"church counsel": Brother William Tucker and Brother Walter Tucker, two members of the church who were not licensed to practice law and evidently had no knowledge of law at all. The trial judge repeatedly warned the defendants about the hazards of representing themselves and offered again and again, with extraordinary patience, to appoint counsel. The defendants refused every offer. The trial judge fairly summarized the situation in saying to Sister Penny: "[A]s I understand your position, it is simply this: That you are not going to cooperate or participate in your trial at all unless these laymen are permitted to appear in court as your attorneys." That was indeed the position of the defendants, who reaffirmed that position in a *pro se* petition for prohibition in this court, which we denied. (Our jurisdiction of this appeal my rest upon that earlier proceeding. Rule 29 [1] [j].)

An accused may voluntarily and intelligently waive her right to counsel and choose to represent herself. *Barnes* v. *State,* 258 Ark. 565, 570, 528 S.W. 2d 370 (1975). Such a waiver undoubtedly took place in the court below, but the trial judge nevertheless asked a licensed lawyer to sit with the defendants during the trial and permitted a second lawyer to volunteer his services in their behalf on the first day of the trial. We find no basis for holding that the trial court denied the defendants their right to the assistance of counsel. The services of an attorney cannot be forced upon an accused. *Williams* v. *State,* 153 Ark. 289, 239 S.W. 1065 (1922).

Second, after the trial judge had declared a brief recess to allow the volunteering lawyer to confer with the defendants, that lawyer sought a continuance: "I feel like I should make a motion for a continuance since I have not had proper time to prepare for the trial. I realize it is not the court's fault, but I feel like it is necessary that I make that motion." Inasmuch as it was the defendants' own inflexible insistence upon their right to be represented by unlicensed persons that led to the eleventh-hour request for a continuance, we cannot say the court abused its discretion in denying that request.

Third, the trial judge denied a pretrial motion, filed by Brother Walter and Brother William, to suppress evidence

(marihuana) seized by the officers under a search warrant, on the asserted grounds that (1) the seizure was in violation of the Fourth and Fourteenth Amendments to the United States Constitution, (2) the evidence was not "subject to seizure," and (3) the search warrant was invalid "for failure to describe with sufficient particularity the place to be searched or things to be seized." (The two laymen told the court they had worded the motion on the basis of a form book they had looked at in a Little Rock library.)

No ground for exclusion was established by the proof on the motion to suppress. The first ground, a violation of the Constitution, is too vague to amount to a specific objection to the evidence. Uniform Evidence Rule 103 (a) (1), Ark. Stat. Ann. § 28-1001 (Repl. 1979). The second ground asserts no basis for suppression, because marihuana is a prohibited controlled substance and therefore subject to seizure.

With respect to the third ground, the affidavit for the search warrant described marihuana growing in an open field near a wooden shack, a tepee, and a barn. The affidavit gave detailed directions for leaving the courthouse and traveling specified roads to reach the field where the marihuana was being grown. An officer who executed the warrant testified that he had no problems in following the directions and finding the property. Sixty-two marihuana plants were seized, apparently in the field, and four containers of marihuana were seized, apparently in one of the structures. The defendants confined their proof to an attempt to impeach the accuracy of a statement in the affidavit for the search warrant that the land was owned by James R. Keever. We do not appreciate the materiality of their argument. If the defendants were growing marihuana as trespassers on someone else's land, they had no standing to complain of a violation of the landowner's rights. And if, as they contended, the Church owned the property, the error as to ownership was irrelevant surplusage, because the directions in the affidavit and in the warrant enabled the officers to find the property without difficulty and to seize the contraband.

Fourth, it is argued that there is no substantial evidence to show that Sister Penny was in possession of marihuana. An officer who executed the warrant testified that when the marihuana was seized only the two defendants were present on the property. After they had been warned of their rights they said they were growing the plants for the church, which used marihuana in a sacrament. Sister Penny herself testified that she lived on the property and regularly smoked marihuana to ease the pain of multiple sclerosis. She professed not to know where the marihuana came from: "Well, I just look around and usually I find — or at least I used to find a little box and I would reach in and I would get myself enough to either put some in a pipe or put some in what is referred to as a joint." Thus there was ample proof to support the jury's finding that Sister Penny had possessed marihuana.

Affirmed.