James ODUM *v.* STATE of Arkansas

CR 92-839                                        845 S.W.2d 524

Supreme Court of Arkansas
Opinion delivered January 25, 1993
[Rehearing denied March 1, 1993.*]

*McArthur & Finkelstein,* by: *William C. McArthur,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Brad Newman,* Asst. Att'y Gen., for appellee.

---

*Holt, C.J., not participating.

TOM GLAZE, Justice. Amy Coy's body was discovered near De Valls Bluff, and appellant was later arrested and charged with capital murder. Appellant appeals from his conviction of first degree murder and his forty-year sentence. He raises five points of error, but none have merit. Therefore, we affirm.

The state's case against the appellant consisted almost entirely of testimony from Sylvia Proffitt. Proffitt testified she told the police she had witnessed the appellant shoot Coy and afterwards she helped him hide her body. Proffitt further related that she explained to the police that she and Coy had worked as prostitutes for the appellant, and that appellant had a fight with Coy and shot her. Because Proffitt was afraid the appellant would shoot her, she said she helped the appellant dispose of Coy's body. Proffitt was not charged with any crime. During the investigation, the police found traces of blood on a pair of jeans identified as belonging to the appellant, on a black sweater belonging to Proffitt, and in the house where Proffitt said the murder occurred. However, the police were unable to positively identify the blood as belonging to the victim.

■ In his first issue on appeal, the appellant argues that the trial court erred in not ruling that Proffitt was an accomplice as a matter of law. We do not address the merits of this argument, because the appellant did not request such a ruling below. Instead, at appellant's attorney's request, the trial judge gave the accomplice jury instruction over the prosecutor's objection. Because appellant received the only relief he requested, he has no basis upon which to raise the issue on appeal. *Sweat* v. *State*, 307 Ark 406, 820 S.W.2d 459 (1991). Likewise, we need not address the appellant's second argument that there was insufficient evidence to corroborate Proffitt's testimony, because corroboration is only necessary if Proffitt had been found to be an accomplice.

■ We can also summarily dismiss the appellant's third issue that the trial court erred in instructing the jury on first degree murder. This court has repeatedly held that when one is charged with capital felony murder, the judge must also instruct the jury on first degree murder. *See Hill* v. *State*, 303 Ark. 462, 798 S.W.2d 65 (1990); *Rhodes* v. *State*, 290 Ark. 60, 716 S.W.2d 758 (1986).

■ Relying on *United States* v. *Standefer*, 948 F.2d 426 (8th Cir. 1991), the appellant next argues that the trial court erred in failing to dismiss the case on the basis of double jeopardy. Appellant submits his first trial ended in a mistrial because of improper questioning by the prosecutor, and in *Standefer*, the federal court held that when governmental misconduct was intended to goad the defendant into moving for a mistrial, a defendant can raise the bar of double jeopardy to a second trial. The appellant here, however, has failed to make any of the first trial a part of the record in this appeal. Thus, we are unable to review the governmental misconduct to determine whether it rises to the level required in *Standefer*. As this court has stated numerous times, it is the appellant's burden to produce a record exhibiting prejudicial error. *See, e.g., Sullinger* v. *State*, 310 Ark. 690, 840 S.W.2d 797 (1992).

■ In his final issue, the appellant argues that the trial court erred in denying his motion to dismiss on speedy trial grounds. Under A.R.Cr.P. Rule 28.2(c), when a defendant is to be retried following a mistrial, the twelve-month period for trial shall commence running from the date of mistrial. Appellant argues that because the mistrial resulted from the prosecutor's actions, this rule should not apply and the speedy trial time period should commence at the time of his arrest. From the plain reading of Rule 28.2(c), there is no such exception nor does the appellant cite the court to any authority supporting his argument.

■ Applying Rule 28.2(c) to the present facts, a mistrial was declared in the appellant's first trial on November 22, 1991, and appellant's second trial began on April 1, 1992. The appellant was retried within five months from the time of his first trial, clearly well within the twelve month speedy trial period. In sum, we find no merit in the appellant's argument.

For the reasons stated above, we affirm.

HOLT, C.J., not participating.