Theodore JONES *v.* STATE of Arkansas

CR 93-482                                    862 S.W.2d 273

Supreme Court of Arkansas
Opinion delivered October 11, 1993

*Pro Se.*

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Theodore Jones, the appellant, was convicted of carrying a weapon, driving without a driver's license, operating a vehicle without a license plate, failure to obtain a vehicle inspection sticker, and failure to provide proof of insurance. Mr. Jones was tried, and found guilty of all charges, in a municipal court. He appealed and was again convicted in a *de novo* trial in Pulaski Circuit Court. He was fined and sentenced to six months in jail. Mr. Jones raises several points for appeal, none of which have merit, and we affirm the convictions.

## 1. Representation

Mr. Jones argues the Trial Court erred in failing to appoint counsel of his choice to represent him. At each of Mr. Jones's trials, the judge persistently urged Mr. Jones to allow the court to appoint an attorney to represent him. Mr. Jones adamantly refused to be represented by a licensed attorney, insisting that the

court appoint a "trusted person" of his choice. This request was repeatedly denied.

■ The Sixth Amendment of the United States Constitution, and Art. 2, § 10, of the Constitution of Arkansas, clearly state that a defendant is entitled to counsel. Equally clear is Art. 7, § 4, of the Constitution of Arkansas, which empowers this Court to regulate the practice of law in this State. Both this Court and the United States Supreme Court have held that it is not inconsistent with a defendant's right to counsel to limit such appointments to licensed attorneys. *See Wheat v. State*, 486 U.S. 153 (1988); *Nichols v. State*, 273 Ark. 466, 620 S.W.2d 942 (1981).

## 2. Lack of proper charging instrument

Mr. Jones further argues the Trial Court failed to present the original citation issued to him. The Trial Court proceeded with a photocopy of the citation, which was identified by the issuing police officer.

■ Mr. Jones testified he was given a copy of the citation by the issuing police officer. Mr. Jones also introduced the copy he received from the officer into evidence. He has failed to show how he was prejudiced by the manner in which the Trial Court proceeded. We do not reverse on a point such as this one absent a showing of prejudicial error. *Hooper v. State*, 311 Ark. 154, 842 S.W.2d 850 (1992); *Prater v. State*, 307 Ark. 180, 820 S.W.2d 429 (1991).

## 3. Uniform Commercial Code

■ Mr. Jones also argues the Trial Court failed by not referring to the Uniform Commercial Code in resolving the charges. The laws governing the offenses of which he was charged are as follows: carrying a weapon, Ark. Code Ann. § 5-73-120 (Supp. 1991); driving without a driver's license, Ark. Code Ann. § 27-16-602 (1987); operating a vehicle without a license plate, Ark. Code Ann. § 27-14-304 (1987); failure to obtain a vehicle inspection sticker, Ark. Code Ann. § 27-32-109 (1987); and failure to provide proof of insurance, Ark. Code Ann. § 27-22-104 (Supp. 1991). The Uniform Commercial Code does not apply to any of these offenses.

### 4. Jury Oath

■ Mr. Jones takes issue with the oath the jury was sworn to, but his abstract fails to demonstrate the oath that was administered. The administration of the oath is absent from the record as well. In his reply brief, Mr. Jones states that he did not abstract the oath because the court reporter failed to record it. We have clearly stated the rules for a proper abstract in Ark. Sup. Ct. R. 4-2(a)(6). That a pertinent point on appeal has been omitted from the record is an unacceptable excuse for a failure to properly abstract. It is an appellant's responsibility to produce a sufficient record of all issues to be appealed. *Odum* v. *State*, 311 Ark. 576, 845 S.W.2d 524 (1993); *Sullinger* v. *State*, 310 Ark. 690, 840 S.W.2d 797 (1992).

### 5. Jury instructions

Mr. Jones also contends that the jury should have been instructed that it was the judge of both law and fact. In essence, he is arguing for jury nullification, *i.e.,* the jury should have been allowed to disregard the law if it chose.

■ This contention has no merit. Arkansas Code Ann. § 16-89-107 (1987) states that during a trial all questions of law are decided by the court and the jury is bound by the court's decision.

### 6. Carrying a weapon

Mr. Jones finally contends his conviction for carrying a weapon, in violation of § 5-73-120, violates his Second Amendment right to keep and bear arms. When he was stopped in his vehicle he was found to have a pistol in his pocket.

Section 5-73-120(a) regulates the possession of a handgun in a vehicle, providing in pertinent part:

> A person commits the offense of carrying a weapon if he possesses a handgun, knife, or club on or about his person, in a vehicle occupied by him, or otherwise readily available for use with a purpose to employ it as a weapon against a person.

The Statute provides several exceptions to the general rule stated, but Mr. Jones does not contend he comes within any of them.

Rather, he rails against any restriction upon the bearing of arms.

Long ago we made it clear that the State may, as a matter of its police power, place appropriate restrictions on one's right to bear arms. *See Haile* v. *State*, 38 Ark. 564 (1882); *Wilson* v. *State*, 33 Ark. 557 (1878); *Fife* v. *State*, 31 Ark. 455 (1876); *Carroll* v. *State*, 28 Ark. 99 (1872).

Affirmed.