Patrick OLIVE v. STATE of Arkansas

CR 99-926                                                    10 S.W.3d 443

Supreme Court of Arkansas
Opinion delivered February 10, 2000

*William R. Simpson, Jr.*, Public Defender, by: *Tammy L. Harris*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *Kelly S. Terry*, Ass't Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant Patrick Olive appeals the judgment of the Pulaski County Circuit Court convicting him of first-degree murder and terroristic act and sentencing him to twenty years' and ten years' imprisonment, respectively. The evidence showed that on November 16, 1997, Mrs. Bernice Nichols was in her bed when numerous gunfire shots struck her residence. She died as a result of gunshot wounds to her head and neck. Appellant's sole point for reversal is that the trial court erred in denying suppression of his custodial statement under Article 2, sections 8 and 10, of the Arkansas Constitution. The issue is whether, under the Arkansas Constitution, a defendant's invocation of the right to counsel after prosecution has commenced on one charge is also an invocation of the right to counsel during custodial interrogation for a separate, uncharged offense. Because this issue is one of first impression, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(1). We find no error and affirm.

The record reflects that Appellant was initially arrested for an aggravated robbery that occurred on June 28, 1997. Defense counsel was appointed in that case on January 14, 1998. Approximately two months later, on March 13, 1998, while he was still in custody on the robbery charge, Appellant was approached by officers about the murder of Mrs. Nichols. Prior to asking any questions, the

officers read Appellant his *Miranda* rights. Appellant signed a form indicating that he understood his rights and agreed to waive them. During the interview, Appellant confessed to participating in the murder. He was then arrested for that charge.

Appellant moved to suppress the confession on the ground that it had been obtained outside the presence of counsel. He contended that because he had invoked his right to counsel on the robbery charge, and because he had continuously remained in custody, the statement regarding the murder was taken in violation of his rights to counsel under Article 2, sections 8 and 10. The trial court disagreed and denied suppression of the statement.

We begin our analysis of this issue with an examination of the Supreme Court's decision in *McNeil v. Wisconsin*, 501 U.S. 171 (1991). There, the Court held that the defendant's invocation of his Sixth Amendment right to counsel during a judicial proceeding for a charged offense did not constitute an invocation of his Fifth Amendment right to counsel on unrelated and uncharged offenses. The Court concluded that the right to counsel guaranteed by the Fifth Amendment, as interpreted in *Miranda v. Arizona*, 384 U.S. 436 (1966), and *Edwards v. Arizona*, 451 U.S. 477 (1981), was not "offense specific," but that the right to counsel under the Sixth Amendment was. *Id.* at 177. The Court explained that once a suspect has invoked the Fifth Amendment right to counsel for interrogation regarding one offense, he may not be reapproached by the police regarding any offense unless counsel is present. On the other hand, the Court concluded:

> The Sixth Amendment right, however, is offense specific. It cannot be invoked once for all future prosecutions, for it does not attach until a prosecution is commenced, that is, " 'at or after the initiation of adversary judicial criminal proceedings — whether by way of formal charge, preliminary hearing, indictment, information, or arraignment.' " *United States v. Gouveia*, 467 U.S. 180, 188 (1984) (quoting *Kirby v. Illinois*, 406 U.S. 682, 689 (1972) (plurality opinion)).

*Id.* at 175. The Court concluded that it would not be sound policy to view the assertion of the Sixth Amendment right to counsel as an assertion of the Fifth Amendment right, as provided in *Miranda*. The Court explained that the two rights serve different purposes:

> The purpose of the Sixth Amendment counsel guarantee — and hence the purpose of invoking it — is to "protec[t] the unaided layman at critical confrontations" with his "expert adversary," the government, *after* "the adverse positions of government and defendant have solidified" with respect to a particular alleged crime. *Gouveia*, 467 U.S., at 189. The purpose of the *Miranda-Edwards* guarantee, on the other hand — and hence the purpose of invoking it — is to protect a quite different interest: the suspect's "desire to deal with the police only through counsel," *Edwards, supra*, at 484. This is in one respect narrower than the interest protected by the Sixth Amendment guarantee (because it relates only to custodial interrogation), and in another respect broader (because it relates to interrogation regarding *any* suspected crime and attaches whether or not the "adversarial relationship" produced by a pending prosecution has yet arisen). To invoke the Sixth Amendment interest is, as a matter of *fact, not* to invoke the *Miranda-Edwards* interest.

*Id.* at 177–78.

Appellant acknowledges that the holding in *McNeil* is on point with the particular facts of this case. He urges, however, that the Court's decision should be limited to those rights guaranteed by the United States Constitution in the Fifth and Sixth Amendments. In other words, Appellant asserts that the rights to counsel under the Arkansas Constitution should be interpreted more liberally than those in the federal constitution. We disagree.

In the first place, Appellant has failed to cite to any authority in support of his argument, and we are not aware of any such authority. To the contrary, this court has consistently viewed the right to counsel provided by Article 2, section 10, as guaranteeing the same right conferred by the Sixth Amendment. *See e.g., Beyer v. State*, 331 Ark. 197, 962 S.W.2d 751 (1998); *Jones v. State*, 314 Ark. 383, 862 S.W.2d 273 (1993), *cert. denied*, 512 U.S. 1237 (1994); *Clements v. State*, 306 Ark. 596, 817 S.W.2d 194 (1991). Likewise, this court has observed that Article 2, section 8, is "our state constitutional equivalent" to the Fifth Amendment. *Clark v. State*, 256 Ark. 658, 659, 509 S.W.2d 812, 814 (1974). Additionally, this court has frequently relied on the Supreme Court's decisions in determining the scope of the right to counsel during custodial interrogation. *See e.g., Riggs v. State*, 339 Ark. 111, 3 S.W.3d 305 (1999); *Esmeyer v. State*, 325 Ark. 491, 930 S.W.2d 302 (1996); ·

*Bowen v. State,* 322 Ark. 483, 911 S.W.2d 555 (1995), *cert. denied,* 517 U.S. 1226 (1996). Accordingly, we see no reason to deviate from that practice here.

■ In the second place, this court has twice embraced the Supreme Court's holding in *McNeil,* 501 U.S. 171, as a correct statement of the law. In *Brenk v. State,* 311 Ark. 579, 847 S.W.2d 1 (1993), the evidence showed that the severed torso of a woman, later identified as Brenk's wife, was discovered in Lake Norfolk in August 1990. Around two weeks later, on September 10, Brenk was arrested for failure to pay a misdemeanor fine. Simultaneously, Brenk was served with a petition to revoke his probation. The probation officer advised Brenk that he would need an attorney for the revocation hearing. Brenk requested an attorney, and on September 12, the sheriff informed the attorney that Brenk wanted to speak with him. That same date, officers approached Brenk at the jail and asked him to answer some questions about his wife's death. Brenk answered several questions, but then indicated that he wanted to talk to his attorney. On appeal, Brenk argued that the statement he made to police should have been suppressed because it was taken outside the presence of counsel and after counsel had been retained. This court rejected his argument on the ground that the invocation of the Sixth Amendment right to counsel does not constitute an invocation of the right to counsel under the Fifth Amendment. This court reasoned:

> In the recent case *McNeil v. Wisconsin,* 501 U.S. 171, 111 S. Ct. 2204 (1991), the Supreme Court held an accused's invocation of his Sixth Amendment right to counsel during a judicial proceeding does not constitute an invocation of the right to counsel derived by *Miranda v. Arizona,* 384 U.S. 436 (1966), from the Fifth Amendment's guarantee against compelled self-incrimination. As in the *McNeil* case, appellant invoked his Sixth Amendment right to counsel *for a judicial proceeding unrelated to the present charge,* but did not make any indication that he only wished to deal with the police through counsel and, therefore, did not invoke his Fifth Amendment right to counsel. *The Sixth Amendment right to counsel is case specific. Appellant's request for counsel to represent him at the revocation hearing applied only to the revocation matter and not to any other potential charges. Since appellant did not invoke his Fifth Amendment right to counsel by indicating that he wished to deal with the police only through counsel, the* Edwards *rule which appellant cites does not apply.*

311 Ark. at 587, 847 S.W.2d at 5-6 (citation omitted) (emphasis added).

In *Landrum v. State*, 326 Ark. 994, 936 S.W.2d 505 (1996), this court had yet another occasion to apply the holding in *McNeil*. The facts there revealed that Landrum was arrested for the rape and aggravated assault of Kristie Anderson on December 12, 1994. He was scheduled to be arraigned on those charges at 8:30 a.m., December 14. On December 13, Landrum was read his *Miranda* rights and questioned about the murder of Lucille Hassler. Landrum initially made no admissions about the murder; however, he agreed to take a polygraph examination later that evening. Landrum was again informed of his *Miranda* rights. Afterwards, Landrum was told that he had done poorly on the polygraph. He then asked to speak privately with a particular officer. Landrum agreed to tell the officer what he knew about the murder once he knew what to expect from the prosecuting attorney. The officer then gave Landrum the choice of whether he wanted to talk to the prosecuting attorney that night or wait until the next morning. Landrum elected to wait. The following morning, December 14, Landrum confessed to the murder of Ms. Hassler. Meanwhile, he missed his scheduled arraignment on the Anderson charges. Landrum argued on appeal that his confession should have been suppressed because it was taken in violation of his right to counsel. Specifically, he argued that had he been arraigned as scheduled on the morning of December 14, he would have had an attorney at the time of his confession. This court rejected Landrum's argument, relying on the Court's opinion in *McNeil*, 501 U.S. 171. This court held:

> Applying *McNeil* to the present case, even if Landrum had been arraigned on the Anderson charges on the morning of December 14, 1994, as scheduled, and an attorney had been appointed for that case, *he still could have been questioned regarding the murder of Ms. Hassler*. Landrum was repeatedly given his *Miranda* warnings and repeatedly gave valid waivers. There was simply no police misconduct and no connection between appellant's missing his scheduled arraignment in the Anderson matter and giving the confession in the present case. Therefore, the trial court properly refused to suppress the confession.

*Landrum*, 326 Ark. at 1003, 936 S.W.2d at 509 (emphasis added).

■ Applying the foregoing holdings to the facts of this case, we conclude that the trial court did not err in denying suppression of Appellant's confession. It makes no difference whether we analyze this issue under our constitution or the federal constitution, because we arrive at the same conclusion. An accused's right to counsel after a prosecution has commenced, guaranteed by both the Sixth Amendment and Article 2, section 10, is case specific and cannot be invoked once for all future prosecutions. Thus, Appellant's invocation of his right to counsel in the robbery case did not constitute an invocation of the right to counsel during his subsequent custodial interrogation regarding the murder. Furthermore, Appellant was fully informed of his right to counsel as guaranteed by the Fifth Amendment and Article 2, section 8, and he waived those rights prior to confessing to the murder. Accordingly, we affirm the judgment of conviction.