Terik Joseph ROBINSON  *v.*  STATE of Arkansas

CR 05-36                                     214 S.W.3d 840

Supreme Court of Arkansas
Opinion delivered October 6, 2005

*Knutson Law Firm*, by: *Gregg A. Knutson*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Brent P. Gasper*, Ass't Att'y Gen., for appellee.

BETTY C. DICKEY, Justice. Terik Joseph Robinson was convicted of capital murder in violation of Ark. Code Ann. § 5-10-101(a)(4) by a Pulaski County jury, and sentenced to life without parole plus sixty months. Robinson raises two points on appeal, that the trial court erred by denying his motion for a directed verdict, and his motion for a mistrial. We have jurisdiction of this case pursuant to Ark. Sup. Ct. R. 1-2(a)(2). We find no error and affirm the judgment of the circuit court.

On August 14, 2003, Robinson went to the home of Marcus Murphy. He was smoking "sherm" (a drug similar to PCP) when he arrived, but was asked to discard it. Marcus Murphy, Robinson, and some other friends were getting together to write a song. The victim was lying down on one of the couches trying to sleep when Robinson asked to sit down. The victim responded by telling him

to sit on the floor and calling him a "bitch ass nigger." After a moment, Robinson left the room, came back, and started shooting. He was pointing directly at the victim. The medical examiner testified that the victim died of multiple gunshot wounds that were fired rapidly. The victim was shot six times. The medical examiner also opined that the victim was shot without having moved or reacted.

■■ Robinson first maintains that his motion for directed verdict should have been granted because there was not sufficient evidence to prove that he acted with premeditated and deliberated purpose. A motion for a directed verdict is treated as a challenge to the sufficiency of the evidence. *Parker v. State*, 355 Ark. 639, 144 S.W.3d 270 (2004). When a defendant makes a challenge to the sufficiency of the evidence, the appellate court will view the evidence in the light most favorable to the State. *Baughman v. State*, 353 Ark. 1, 110 S.W.3d 740 (2003). The question to be answered on review is whether the verdict is supported by substantial evidence, direct or circumstantial, that is forceful enough to compel a conclusion that is beyond suspicion or conjecture. *Id.* Only the evidence that supports the verdict will be considered, and the verdict will be upheld if there is substantial evidence to support it. *Id.*

■■ Ark. Code Ann. § 5-10-101(a)(4) specifies that one is guilty of capital murder if "[w]ith the premeditated and deliberated purpose of causing the death of another person, he or she causes the death of any person." Robinson argues that there was not a motive to kill and urges us to consider the testimony of at least one witness that testified that no arguments took place that day and that the comment made by the victim was one normally taken as a joke. However, premeditation may be formed in an instant, and it usually must be inferred from the circumstances of the crime. *Sanders v. State*, 340 Ark. 163, 8 S.W.3d 520 (2000). Premeditation and deliberation may be inferred from the type and character of the weapon, the manner in which the weapon was used, the nature, extent, and location of the wounds, and the accused's conduct. *Id.* The medical examiner testified that the victim didn't even have time to move or react. In this case there was more than an instant for appellant to decide to kill the victim, leave the room to get a gun, return to the room, aim at the victim, and shoot. The bullets struck the victim's major organs including his heart, lungs, kidneys, and liver. It is unreasonable to assume

that Robinson did not intend to kill the victim. Because there was sufficient evidence of premeditation and deliberation, we affirm the denial of the motion for a directed verdict.

We now turn to Robinson's second point on appeal. During voir dire, one of the State's witnesses, Avery Savage, made an inappropriate comment that was audible to the jury. Robinson's counsel moved for a mistrial, however the trial judge did not rule on that issue, instead he put the witness into custody for his behavior in court. The decision of the trial court will be affirmed because the matter was not properly preserved for appeal.

The judge had asked the witnesses to come into the court-room before the jurors were sworn in. As they came into the room, Avery Savage called the defendant a "ho ass nigger" and Robin-son's attorney moved for a mistrial. The judge immediately de-cided to put the witness in custody. The judge said the following to the attorneys: "he is going to be in custody. He is going to be in chains and the whole nine yards. If I can get him changed into a uniform, an orange uniform — you don't do that in court." Counsel for the defendant responded "yes sir." In addition, the judge turned to the jury and the following colloquy took place:

> THE COURT: Ladies and gentlemen, I do not tolerate certain things and I just, I — needless to say, I absolutely will not tolerate anyone disrespecting this court or this, this proceeding at all. So please, if any of you — did any of you-all here the comment that was made?

> (Show of hands)

> THE COURT: Would that have an impact upon any of your ability to sit as a fair, impartial juror?

> PROSPECTIVE JURORS: No.

> THE COURT: That is totally unacceptable in a court of law, and that has nothing to do whatsoever with the proceedings. He will be taken into custody, and if he comes up here to testify, he will be in chains as far as I'm concerned.

The issue regarding mistrial was not properly pre-served for appeal. It is well settled that an appellant must obtain a ruling on his or her argument to preserve it for appeal. *Jones v.*

*State,* 355 Ark. 316, 136 S.W.3d 774 (2003). If there is not a resolution then the argument is waived and may not be raised on appeal. *Id.* It is the Appellant's obligation to obtain a ruling in order to properly preserve an issue for review. *Huddleston v. State,* 347 Ark. 226, 61 S.W.3d 163 (2001). Appellant's counsel never asked for a ruling on the motion for mistrial after the judge decided that he was going to take the witness into custody. Counsel simply responded "yes, sir," as if to agree that putting the witness into custody would satisfy him and never moved for a mistrial after the admonishment. We have stated that a mistrial motion is to be requested when the error is beyond repair and cannot be corrected by any curative relief. *Sullinger v. State,* 310 Ark. 690, 840 S.W.2d 797 (1992). An admonishment is an acknowledged means of curing error. *Id.* In *Sullinger* defense counsel moved for a mistrial when objectionable questions were asked of a witness. After completion of the testimony, the judge asked the defense attorney if he wanted the jury admonished. He answered yes, and again moved for a mistrial. The judge first admonished the jury and denied the motion. On appeal the court said the incident was not so drastic as to warrant a mistrial. There, this court said that even though defense counsel renewed his motion for a mistrial after accepting the admonishment, "he could not have it both ways." *Id.* Because appellant is precluded from raising this argument on appeal, the decision of the circuit court is affirmed.

### Rule 4-3(h)

In compliance with Ark.Sup.Ct. R. 4-3(h), the record has been examined for adverse rulings objected to by Robinson but not argued on appeal and no prejudicial error is found. We cannot say that the trial court committed error in this case. Accordingly, we find no reversible error in the trial court's rulings.

Affirmed.