SLIP OPINION

Cite as 2015 Ark. 210

# SUPREME COURT OF ARKANSAS

No. CV-14-488

| | | |
|---|---|---|
| MICHELLE M. SMITH | | Opinion Delivered May 14, 2015 |
| | APPELLANT | |
| | | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT [NO. CV-12-1079] |
| V. | | |
| KARTIKA HOPPER | | |
| | APPELLEE | HONORABLE J. MICHAEL FITZHUGH, JUDGE |
| | | AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

This is an appeal from the grant of a new trial.[1] Appellant, plaintiff below, sued for negligence; after a trial, the jury awarded damages. Appellee, defendant below, filed a motion for a new trial, complaining that plaintiff's counsel had misrepresented certain facts to the jury during closing argument. We hold that the circuit court acted within its discretion when it granted appellee a new trial; accordingly, we affirm.

This case arose from a pedestrian collision. Kartika Hopper was driving her car, turned at an intersection, and suddenly collided with Michelle Smith in a crosswalk. Smith sued Hopper for negligence. The central factual dispute at the jury trial was whether the traffic signal read "Walk" or "Don't Walk" when Smith entered the crosswalk. A police officer testified that Smith had told him, right after the accident, that the traffic signal read "Don't Walk." On the other hand, a paramedic testified that she could not recall police

---

[1] This court accepted certification from the court of appeals pursuant to Rule 1-2(b) of the Rules of the Supreme Court and Court of Appeals.

officers speaking with Smith at the accident scene, and Smith herself testified that the sign read "Walk."

Because the police officer's testimony was the crux of Hopper's case, Smith's counsel tried to call his credibility into question. Specifically, during rebuttal closing arguments, Smith's counsel made the following statements about the police officer's written accident report:

> And [the police officer], in my humble opinion, was written up for this.
> . . . .
> The report was just a disaster. We feel like that [the police officer] got reprimanded for that and that's why he said what he said.

Once Smith's counsel ended his rebuttal closing argument, the circuit court asked the attorneys to approach the bench, and the following colloquy took place:

| | |
|---|---|
| COURT: | Was there ever any testimony or any evidence at all in this trial about this officer being written up and reprimanded? |
| SMITH'S COUNSEL: | No, that is my subjective belief. |
| HOPPER'S COUNSEL: | We would request a limiting instruction. |
| COURT: | Yes, I am going to tell them to disregard that argument.<br>. . . .<br>I am going to tell them that there has been no evidence<br>. . . .<br>—that this officer was ever reprimanded in anyway [*sic*] for what he did. |

The court went on to tell the jury to disregard any argument that the police officer was punished for his accident report. The case was then submitted to the jury, which returned a verdict in Smith's favor and awarded $42,605 in damages.

A few days later, Hopper filed a motion for a new trial. The motion argued that a new trial was warranted under Ark. R. Civ. P. 59(a)(2) because of misconduct of the prevailing party.[2] Namely, Hopper argued that Smith's counsel had improperly stated that the police officer was punished for his accident report. The circuit court agreed and granted a new trial. Smith has appealed from that order.

The first issue is whether Hopper waived her right to a new trial. Smith argues that the circuit court should not have granted a new trial because Hopper's attorney never objected during closing argument. For support, Smith cites *Jones Rigging & Heavy Hauling, Inc. v. Parker*, 347 Ark. 628, 66 S.W.3d 599 (2002). There, a party asked for a new trial based on Ark. R. Civ. P. 59(a)(3), which permits the court to grant a new trial for "accident or surprise which ordinary prudence could not have prevented." We held that a party asking for a new trial based on surprise must object and ask for a continuance in order to preserve the issue. Because no such objection was made, we reasoned that the circuit court's decision to grant a new trial rested on an erroneous interpretation of Rule 59(a)(3).

In this case, Hopper's counsel never objected during closing arguments to Smith's counsel's comments and asked for a limiting instruction only after the court had raised the issue sua sponte. This failure to object, however, did not prevent the circuit court from granting a new trial. The reason we require an objection is to apprise the circuit court of an error. We have stated before that any error argued on appeal must have first been

---

[2] A motion for a new trial based on misconduct of the prevailing party includes misconduct by the prevailing party's attorney. *See Suen v. Greene*, 329 Ark. 455, 947 S.W.2d 791 (1997).

directed to the trial court's attention in some appropriate manner, so that the court has an opportunity to address the issue. *Switzer v. Shelter Mut. Ins. Co.*, 362 Ark. 419, 208 S.W.3d 792 (2005). A party cannot wait until the outcome of a case to bring an error to the trial court's attention. *Id.* Here, the circuit court became aware of the error on its own. So to require an objection to apprise the circuit court of an error it noticed itself would be unnecessary.[3]

While Smith points us to *Jones Rigging* for support that an objection is required, the present case is different. Here, the grounds for the new trial were not surprise under Rule 59(a)(3) but attorney misconduct under Rule 59(a)(2). In addition, in *Jones Rigging*, there was neither an objection nor any request to cure the error. *Jones Rigging*, 347 Ark. at 634, 66 S.W.3d at 603. In this case, the court was aware of the error and Hopper asked for curative relief in the form of a limiting instruction, which the court granted. Thus, Hopper's actions were consistent with our *Jones Rigging* opinion: the court must be apprised of the error and have an opportunity to cure it during the trial itself.

The second issue is whether the circuit court abused its discretion in granting a new trial. We hold that there is no basis to reverse the circuit court's decision. We will

---

[3] Smith points us to two cases in support of her proposition that a contemporaneous objection is required. *See Butler Mfg. Co. v. Hughes*, 292 Ark. 198, 729 S.W.2d 142 (1987); *John Cheeseman Trucking, Inc. v. Dougan*, 313 Ark. 229, 853 S.W.2d 278 (1993). In both of these cases, we affirmed the circuit court's denial of a motion for a mistrial because the party waited until after the case was submitted to the jury to raise the issue. *Butler Mfg.*, 292 Ark. at 202, 729 S.W.2d at 144; *John Cheeseman*, 313 Ark. at 237, 853 S.W.2d at 283. But these cases are off point. Here, we are reviewing a circuit court's decision to *grant* a *new trial*, not a decision to *deny* a belated *motion for a mistrial*. Moreover, there is no concern regarding the court being unaware of the error: as we have pointed out, the circuit court in this case became aware of the error on its own.

SLIP OPINION

reverse a circuit court's order granting a motion for a new trial only if there is a manifest abuse of discretion. *English v. Robbins*, 2014 Ark. 511, 452 S.W.3d 566. Manifest abuse of discretion means a discretion improvidently exercised, i.e., exercised thoughtlessly and without due consideration. *Id.* "[A] showing of abuse of discretion is even more difficult when a new trial has been granted because the beneficiary of the verdict which was set aside has less basis for a claim of prejudice than does one who unsuccessfully moved for a new trial." *Roberts v. Simpson*, 275 Ark. 181, 182, 628 S.W.2d 308, 309 (1982).

The circuit court issued an extensive order listing its reasons for granting a new trial. The order noted that the police officer was one of three essential witnesses. The court further found that Smith's counsel's statements that the police officer had been reprimanded for the accident report were intended by counsel to be "asserted as facts and were totally unsupported by any evidence." The statements were "improper, prejudicial, misleading and resulted in [Hopper] not receiving a fair trial." Thus, the court granted a new trial.

This decision was not a manifest abuse of discretion. The court's order took great care in outlining just how harmful counsel's statements were. It is clear that the circuit court thoughtfully decided the issue. The court sat through the entire trial and was in a much better position than we are to observe the effect counsel's statements had on the jury. *See, e.g., Moody Equip. & Supply Co. v. Union Nat'l Bank*, 273 Ark. 319, 322, 619 S.W.2d 637, 639 (1984) (noting that the "trial judge had heard all the testimony and was in a position far superior to ours to know whether . . . the misconduct . . . might have tipped the scales"). Moreover, Smith has less basis for a claim of prejudice because she still

has another chance to prevail. *See English*, 2014 Ark. 511, at 5, 452 S.W.3d at 570. For these reasons, we affirm the circuit court's order granting a new trial.

Affirmed.

DANIELSON, BAKER, and HART, JJ., dissent.

SLIP OPINION

KAREN R. BAKER, Justice, dissenting. I dissent from the majority opinion because the circuit court committed a manifest abuse of discretion in granting Hopper's motion for a new trial.

In *Jones Rigging & Heavy Hauling, Inc. v. Parker*, 347 Ark. 628, 66 S.W.3d 599 (2002), this court explained that a contemporaneous-objection is required when a new trial is sought on the basis of accident or surprise under Rule 59(a)(3) of the Arkansas Rules of Civil Procedure. The same contemporaneous objection requirement should equally apply here where a motion for new trial is based upon Rule 59(a)(2). Based on our reasoning in *Jones*, Hopper failed to contemporaneously object to the improper statements during closing argument; thus, she was prohibited from seeking a new trial based on the improper statements.

In *Jones v. Double "D" Properties, Inc.*, we explained the contemporaneous objection rule:

> This court has repeatedly held that an objection first made in a motion for new trial is not timely. *Lee v. Daniel*, 350 Ark. 466, 91 S.W.3d 464 (2002). Stated another way, an issue must be presented to the trial court at the earliest opportunity in order to preserve it for appeal, and even a constitutional issue must be raised at trial in order to preserve it for appeal. *Foundation Telecom., Inc. v. Moe Studio, Inc.*, 341 Ark. 231, 16 S.W.3d 531 (2000). A party may not wait until the outcome of a case to bring an error to the trial court's attention. *Id.* The court in *Lee, supra*, stated further on this issue as follows:
>
>> In *Selph v. State*, 264 Ark. 197, 570 S.W.2d 256 (1978), this court noted that the reason for requiring an objection before the trial court is to discourage "sandbagging" on the part of lawyers who might otherwise take a chance on a favorable result, and subsequently raise a constitutional claim if the gamble did not pay off. *Selph*, 264 Ark. at 204, 570 S.W.2d 256. *See also Wilson v. Wilson*, 270 Ark. 485, 606 S.W.2d 56 (1980); *Hodges v. State*, 27 Ark. App. 154, 767 S.W.2d 541 (1989) (allowing a party to raise an objection for the first time in a motion for new trial would give them "license to lie behind the log," waiting to see if they obtain an adverse verdict before complaining about any alleged irregularities).

*Lee*, 350 Ark. at 476–77, 91 S.W.3d 464.

352 Ark. 39, 48–49, 98 S.W.3d 405, 410–11 (2003).

Here, in affirming the award of the new trial, the majority has provided Hopper "a license to lie behind the log." Hopper was required to follow the contemporaneous-objection rule, which she did not, but is now being afforded a new trial. The majority justifies its decision by stating,

> We have stated before that any error argued on appeal must have first been directed to the trial court's attention in some appropriate manner, so that the court has an opportunity to address the issue. *Switzer v. Shelter Mut. Ins. Co.*, 362 Ark. 419, 208 S.W.3d 792 (2005). A party cannot wait until the outcome of a case to bring an error to the trial court's attention. *Id.* Here, the circuit court became aware of the error on its own. So to require an objection to apprise the circuit court of an error it noticed itself would be unnecessary.

The fatal flaw with the majority's reasoning is that it is counsel's duty to object. Yet, the majority allows counsel to wait until after the outcome of a case to allege an error. The majority excuses counsel's failure to object by stating that the circuit court noticed the error itself. However, this holding allows Hopper to see if she obtains a favorable verdict before complaining about any alleged irregularities. This is inapposite with our case law. *See Double "D" Properties*, 352 at 48–49, 98 S.W.3d at 410–11.

Further, the majority errs in its holding because Hopper received the requested relief to cure the alleged error. The record demonstrates that, at the end of Smith's closing argument, the circuit court called counsel for both sides to the bench, and the following colloquy occurred:

THE COURT: Was there ever any testimony or any evidence at all in this trial about this officer being written up or reprimanded[?]

SMITH'S COUNSEL: No, that is my subjective belief.

HOPPER'S COUNSEL:        We would request a limiting instruction.

THE COURT:        Yes, I am going to tell them to disregard that argument.

. . . .

THE COURT:        I am going to tell them there has been no evidence – –

SMITH'S COUNSEL:        Okay, that's fine.

The circuit court admonished the jury with the following:

Ladies and gentleman, the Court is going to direct you to disregard any argument that was made by [Smith's attorney] regarding this officer being written up or reprimanded, totally disregard that.

Here, Hopper "request[ed] a limiting instruction[,]" and received the limiting instruction—the relief she requested; and therefore, she should not be afforded a new trial. A party cannot complain when he or she has received all the relief requested. *Mikel v. Hubbard*, 317 Ark. 125, 876 S.W.2d 558 (1994) (holding "[A]n admonition was given as . . . requested. A party cannot complain when he or she has received all the relief requested. *Odum v. State*, 311 Ark. 576, 845 S.W.2d 524 (1993)"). The record demonstrates that Hopper requested a limiting instruction and also accepted the circuit court's offer to admonish the jury to disregard Smith's statement. Because Hopper requested that an admonition be given to the jury, and one was given, she may not claim that additional relief was appropriate. *See Mikel supra*; *see also Walker v. State*, 353 Ark. 12, 110 S.W.3d 752 (2003). In *Robinson v. State*, 363 Ark. 432, 214 S.W.3d 840 (2005), we explained that a party may not accept an admonishment and then complain that the admonishment did not cure the error:

An admonishment is an acknowledged means of curing error. [*Sullinger v. State*, 310 Ark. 690, 840 S.W.2d 797 (1992).] In *Sullinger* defense counsel moved for a mistrial when objectionable questions were asked of a witness. After completion of the testimony, the judge asked the defense attorney if he wanted the jury admonished. He answered yes, and again moved for a mistrial. The judge first admonished the jury and

denied the motion. On appeal the court said . . . that even though defense counsel renewed his motion for a mistrial after accepting the admonishment, "he could not have it both ways." *Id*.

*Robinson*, 363 Ark. at 436, 214 S.W.3d at 843.

As in *Robinson*, in accepting the admonishment, Hopper cannot then complain that the admonishment was not satisfactory. *See Mikel, supra*; *see also Rees v. Smith*, 2009 Ark. 169, 301 S.W.3d 467(holding that appellants received the relief that was requested, which was an admonishment to the jury, and appellants are therefore not entitled to any further relief on appeal. *See Berry v. St. Paul Fire & Marine Ins. Co.*, 328 Ark. 553, 944 S.W.2d 838 (1997)).

Additionally, here, the jury was instructed that arguments of counsel are not to be considered evidence. *LaFont v. Mooney Mixon*, 2010 Ark. 450, 374 S.W.3d 668. Jurors are presumed to follow the instructions they are given. *Nw. Nat'l v. Mays*, 273 Ark. 16, 616 S.W.2d 734 (1981); *Pearson v. Henrickson*, 336 Ark. 12, 983 S.W.2d 419 (1999).

Because Hopper never objected, moved for a mistrial, or asserted that the circuit court's admonition and instructions were insufficient, she cannot now complain after the jury returned an unfavorable verdict that she should be afforded a new trial.

Therefore, there was no reason to grant Hopper's motion for new trial, and the circuit court erred. Accordingly, I dissent.

DANIELSON and HART, JJ., join.

*Stephen M. Sharum*; and *Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellant.

*Robertson, Beasley & Ford, PLLC*, by: *John R. Beasley*, for appellee.