Karen R. Baker, Justice, dissenting. |7I dissent from the majority opinion because the circuit court committed a manifest abuse of discretion in granting Hopper’s motion for a new trial. In Jones Rigging & Heavy Hauling, Inc. v. Parker, 347 Ark. 628, 66 S.W.3d 599 (2002), this court explained that a contemporaneous-objection is required when a new trial is sought on the basis of accident or surprise under Rule 59(a)(3) of the Arkansas Rules of Civil Procedure. The same contemporaneous objection requirement should equally apply here where a motion for new trial is based upon Rule 59(a)(2). Based on our reasoning in Jones, Hopper failed to contemporaneously object to the improper statements during closing argument; thus, she was prohibited from seeking á new trial based on the improper, statements. In Jones v. Double “D” Properties, Inc., we explained the contemporaneous objection rule: This court has repeatedly held that an objection first made in a motion for new trial is not timely. Lee v. Daniel, 350 Ark. 466, 91 S.W.3d 464 (2002). Stated another way, an issue must be presented to the trial court at the earliest opportunity in order to preserve it for appeal, and even a constitutional issue must be raised at trial in order to preserve it for appeal. Foundation Telecom., Inc. v. Moe Studio, Inc., 341 Ark. 231, 16 S.W.3d 531 (2000). A party may not wait until the outcome of a case to bring an error to the trial court’s attention. Id. The court in Lee, supra, stated further on this issue as follows: In Selph v. State, 264 Ark. 197, 570 S.W.2d 256 (1978), this court noted that the reason for requiring an objection before the trial court is to discourage “sandbagging” on the part of lawyers who might otherwise take a chance on a favorable result, and subsequently raise a constitutional claim if the gamble did not pay off. Selph, 264 Ark. at 204, 570 S.W.2d 256. See also Wilson v. Wilson, 270 Ark. 485, 606 S.W.2d 56 (1980); Hodges v. State, 27 Ark. App. 154, 767 S.W.2d 541 (1989) (allowing a party to raise an objection for the first time in a motion for new trial would give them “license to lie behind the log,” waiting to see if they obtain an adverse verdict before complaining about any alleged irregularities). Lee, 350 Ark. at 476-77, 91 S.W.3d 464. 352 Ark. 39, 48-49, 98 S.W.3d 405, 410-11 (2003). Here, in affirming the award of the new trial, the majority has provided Hopper “a license to lie behind the log.” Hopper was required to follow the contemporaneous-objection rule, which she did not, but is now being afforded a new trial. The majority justifies its decision by stating, We have stated before that any error argued on appeal must have first been directed to the trial court’s attention in some appropriate manner, so that the court has an opportunity to address the issue. Switzer v. Shelter Mut. Ins. Co., 362 Ark. 419, 208 S.W.3d 792 (2005). A party cannot wait until the outcome of a case to bring an error to the trial court’s attention. Id. Here, the circuit court became aware of the error on its own. So to require an objection to apprise the circuit court of an error it noticed itself would be unnecessary. The fatal flaw with the majority’s reasoning is that it is counsel’s duty to object. Yet, the majority allows counsel to wait until after the outcome of a case to allege an error. The majority excuses counsel’s failure to object by stating that the circuit court noticed the error itself. However, this holding allows Hopper to see if she obtains a favorable verdict before complaining about any alleged irregularities. This is inapposite with our case law. See Double “D” Properties, 352 Ark. at 48-49, 98 S.W.3d at 410-11. Further, the majority errs in its holding because Hopper received the requested relief to cure the alleged error. The record demonstrates that, at the end of Smith’s closing argument, the circuit court called counsel for both sides to the bench, and the following colloquy occurred: The Court: Was there ever any testimony or any evidence at all in this trial about this officer being written up or reprimanded!?] Smith’s Counsel: No, that is my subjective belief. | ¡iHopper’s Counsel: We would request a limiting instruction. The Court: Yes, I am going to tell them to disregard that argument. [[Image here]] The Court: I am going to tell them there has been no evidence— The circuit court admonished the jury with the following: Ladies and gentleman, the Court is going to direct you to disregard any argument that was made by [Smith’s attorney] regarding this officer being written up or reprimanded, totally disregard that. Here, Hopper “requested] a limiting instruction!,]” and received the limiting instruction — the relief she requested; and therefore, she should not be afforded a new trial. A party cannot complain when he or she has received all the relief requested. Mikel v. Hubbard, 317 Ark. 125, 876 S.W.2d 558 (1994) (holding “[A]n admonition was given as ... requested. A party cannot complain when he or she has received all the relief requested. Odum v. State, 311 Ark. 576, 845 S.W.2d 524 (1993)”). The record demonstrates that Hopper requested a limiting instruction and also accepted the circuit court’s offer to admonish the jury to disregard Smith’s statement. Because Hopper requested that an admonition be given to the jury, and one was given, she may not claim that additional relief was appropriate. See Mikel supra; see also Walker v. State, 353 Ark. 12, 110 S.W.3d 752 (2003). In Robinson v. State, 363 Ark. 432, 214 S.W.3d 840 (2005), we explained that a party may not accept an admonishment and then complain that the admonishment did not cure the error: An admonishment is an acknowledged means of curing error. [Sullinger v. State, 310 Ark. 690, 840 S.W.2d 797 (1992).] In Sullinger defense counsel moved for a mistrial when objectionable questions were asked of a witness. After completion of the testimony, the judge asked the defense attorney if he wanted the jury admonished. He answered yes, and again moved for a mistrial. The judge first admonished the jury and | mdenied the motion. On appeal the court said ... that even though defense counsel renewed his motion for a mistrial after accepting the admonishment, “he could not have it both ways.” Id. Robinson, 363 Ark. at 436, 214 S.W.3d at 843. As in Robinson, in accepting the admonishment, Hopper cannot then complain that the admonishment was not satisfactory. See Mikel, supra; see also Rees v. Smith, 2009 Ark. 169, 301 S.W.3d 467(hold-ing that appellants received the relief that was requested, which was an admonishment to the jury, and appellants are therefore not entitled to any further relief on appeal. See Berry v. St. Paul Fire & Marine Ins. Co., 328 Ark. 553, 944 S.W.2d 838 (1997)). Additionally, here, the jury was instructed that arguments of counsel are not to be considered evidence. LaFont v. Mooney Mixon, 2010 Ark. 450, 374 S.W.3d 668. Jurors are presumed to follow the instructions they are given. Nw. Nat’l v. Mays, 273 Ark. 16, 616 S.W.2d 734 (1981); Pearson v. Henrickson, 336 Ark. 12, 983 S.W.2d 419 (1999). Because Hopper never objected, moved for a mistrial, or asserted that the circuit court’s admonition and instructions were insufficient, she cannot now complain after the jury returned an unfavorable verdict that she should be afforded a new trial. Therefore, there was no reason to grant Hopper’s motion for new trial, and the circuit court erred. Accordingly, I dissent. Danielson and Hart, JJ., join.