## Al STAMPER *v.* ALUMINUM AND ZINC DIE CAST CO., APCO POWER-UNIT CORPORATION and WINDSOR DOOR COMPANY, a Division of THE CECO CORPORATION

83-302                                        671 S.W.2d 170

### Supreme Court of Arkansas
### Opinion delivered June 25, 1984

*McDaniel, Gott & Wells, P.A.,* by: *Bobby McDaniel;* and *Beason & Coop,* by: *John W. Beason,* for appellant.

*Penix, Penix, Mixon & Lusby,* for appellee Aluminum & Zinc Die Cast Co.

*Barrett, Wheatley, Smith & Deacon,* for appellee APCO Power-Unit Corp.

*Frierson, Walker, Snellgrove & Laser,* by: *Malcolm Culpepper,* for appellee Windsor Door Co.

P. A. HOLLINGSWORTH, Justice. The appellant, Al Stamper, was adjusting a high tension spring on a garage door when the aluminum winding sleeve broke, causing him to lose the vision of his right eye. The appellant filed suit against Aluminum & Zinc Die Cast Co., (A & Z), the manufacturer of the winding sleeve; APCO Power-Unit Corp., (APCO), the seller; and Windsor Door Co., (Windsor), the distributor. The jury found that the appellant was guilty of negligence in making the adjustment which was a proximate cause of his injury. This appeal is before us under Sup. Ct. R. 29(1)(m) because it presents a question as to products liability.

The appellant raises two issues on appeal. First he claims the trial court erred in admitting into evidence the testimony and videotaped deposition of Gerald Sanders. The appellant's second argument challenges the trial court's denial of his motion for new trial. We find no merit in either issue and affirm the trial court.

The appellant first argues that the trial court erred in admitting into evidence the testimony and videotaped deposition of Gerald Sanders, subrogation agent for the appellant's workers' compensation carrier, Aetna Insurance Co.

After the appellant was injured, the spring plug that fits inside the spring that opens the garage door was delivered to Sanders. He in turn mailed the part to Asa Morton, the appellant's expert, for analysis. After his examination,

Morton mailed the part back to Sanders along with his report. Sanders claimed he never received the part. The spring plug was missing for over three years. About a month before the trial of this case, while Sanders was talking to an attorney inolved in the litigation, the part came rolling out of his desk drawer. Mr. Sanders' testimony at the trial essentially repeated the above-recited facts. The videotape was of Mr. Sanders' office and was used to show the jury where the part was lost. There was no reference made in front of the jury to the fact that Mr. Sanders was a subrogation agent, and nothing in the videotape indicated that his office was in an insurance company. Nevertheless, the appellant argues that Mr. Sanders' testimony was irrelevant and should have been excluded.

The appellant attempted to have the testimony excluded through a motion in limine. The appellees argued that the testimony was important to their defense and suggested that it would be used to show that the part was altered or damaged while it was missing, or that the claimed loss of the part was a bad faith allegation.

The trial judge, after a hearing, admitted the testimony for the narrow purpose of discussing the loss of the part. He prohibited any mention of Mr. Sanders' occupation, the type of office in the videotape, or that an insurance company had compensated the appellant. At trial, the appellees never raised the question of the alteration of the missing part, nor did they argue that its loss was deliberate.

Although we agree with the appellant that the testimony and videotape deposition are seemingly lacking in relevance, we are unable to determine that any prejudice resulted to the appellant because of the admission of the testimony. We have long held that we reverse for prejudicial error only. *Aetna Indemnity Co.* v. *Little Rock,* 89 Ark. 95, 115 S.W. 960 (1909).

The appellant's second point concerns the trial court's denial of its post-trial motions for a new trial or a judgment notwithstanding the verdict. The appellant argues that the jury's verdict was based on a statement made by defense

counsel in closing arguments which presented facts outside
of the trial record. In his closing argument, A & Z's attorney
argued that since the winding bar hole was seven feet ten
inches above the ground, a six-foot ladder and a two-foot
winding bar would make it possible for the winding bar to
strike the ladder and break the spring's casting. The
appellant argues that the height of the winding bar hole
above the ground was not in the trial record. The appellant
objected to the defense attorney's statement and the trial
judge admonished the jury that the remarks of attorneys are
not evidence. Nevertheless, the appellant argues the remark
was highly prejudicial in that it enabled the jury to agree
with one of the defense experts, Dr. Courtney Busche, who
testified that the winding bar hit an object after the
appellant released it.

Although the appellant now claims that the attorney's
statement was highly prejudicial, he did not request a
mistrial after the remark was made. Instead, he appeared
satisfied with the court's admonition. In *Howe* v. *Freeland*,
237 Ark. 705, 375 S.W. 2d 666 (1964), the appellant also
objected to a statement made during closing argument. The
court in that case admonished the jury and on appeal, the
appellant claimed that those statements inflamed the minds
of the jurors, causing them to reach an excessive verdict. We
stated:

> We find no reversible error. Admittedly, the court
> admonished the jury to consider only evidence in the
> record each time that counsel for appellant objected.
> This apparently satisfied counsel, since he did not
> complain that the court's admonition was insufficient,
> nor did he move for a mistrial. It was only after an
> adverse judgment had been rendered that the assertion
> was made that the court's admonition was insufficient.

See also, *Sterling Stores, Inc.* v. *Martin*, 238 Ark. 1041, 386
S.W.2d 711 (1965). A trial court is accorded great latitude in
correcting any prejudicial effect of argument by counsel,
and we do not reverse unless it appears that prejudice
resulted from the improper argument and the court's
admonition was insufficient to remove the prejudicial effect

from the jurors' minds. *Buckeye Cellulose Corp.* v. *Vandament,* 256 Ark. 434, 508 S.W.2d 49 (1974).

Here, the appellant claims that the jury's verdict was based solely on the alleged improper statement made by a defense attorney. The appellant fails to note however, that the jury heard the testimony of Asa Morton, the appellant's expert, and James Robert Kattus, Windsor's expert, to the effect that the part was defective. We have held that the weight of the evidence and the credibility of a witness are matters for the jury and not for this court. *Jones* v. *State,* 269 Ark. 119, 598 S.W.2d 748 (1980). The jury here apparently chose to believe the testimony of one of appellees' experts, Dr. Busche, over that of the other two experts. We have held that, "it is the exclusive province of the jury to determine the value and weight to be given the testimony of expert witnesses, and the jury is authorized to believe or disbelieve the whole or any part of such expert witnesses' testimony." *U.S. Borax & Chemical Co.* v. *Blackhawk Warehousing & Leasing Co.,* 266 Ark. 831, 586 S.W.2d 248 (1979). We stated in *The Western Union Telegraph Co.* v. *Byrd, Adm'x,* 197 Ark. 152, 122 S.W.2d 569 (1938), that:

> Where there is a conflict in the evidence the determination by the jury of the issues is conclusive. "The fact that this court would have reached a different conclusion . . . or that they (the judges) are of the opinion that the verdict is against the preponderance of the evidence, will not warrant the setting aside of a verdict based upon conflicting evidence." (citation omitted).

We find that the jury could reasonably have based its verdict on the testimony, rather than on the defense counsel's remark during this closing argument. Therefore, we affirm the trial court's denial of the appellant's motions.

The appellant makes two other arguments which we will address briefly. First, he claims that the defense counsel's statement during closing arguments was made in deliberate bad faith. We find no evidence to support this allegation.

Second, in the conclusion to his brief, the appellant states that this court should direct a verdict in his favor based upon the admission of liability by the defendant Windor's expert witness. In their answser to appellant's complaint, Windsor denied liability. Although Windsor's expert testified that the part was defective, that did not amount to an admission of liability by Windsor. We held in *The Western Union Telegraph Co., supra.,* that a party is not bound by the testimony of a witness introduced by him. Rather, we stated, it is for the jury to decide what weight to give the testimony. The jury here apparently decided to disregard Windsor's expert testimony.

Affirmed.