2010 Ark. 450

**Christopher LaFONT and Erin LaFont, individually and as Guardians of Tyler LaFont, a Minor, Appellants**

v.

**Jana C. MOONEY MIXON, Appellee.**

**No. 10–259.**

Supreme Court of Arkansas.

Nov. 18, 2010.

Rehearing Denied Jan. 6, 2011.

Chaney Law Firm, P.A., by: Don P. Chaney, Nathan P. Chaney, and S. Taylor Chaney, Arkadelphia, for appellants.

Huckabay, Munson, Rowlett & Moore, P.A., Little Rock, by: D. Michael Huckabay, Jr., and Shane Strabala, for appellee.

DONALD L. CORBIN, Justice.

Appellants, Christopher and Erin LaFont, individually and as guardians for a minor, Tyler LaFont, appeal from the judgment of the Clark County Circuit Court entered pursuant to a jury verdict in their favor but awarding costs to Appellee, Jana C. Mooney Mixon, pursuant to Rule 68 of the Arkansas Rules of Civil Procedure. Appellants also appeal from the separate orders denying their motion for new trial and motion for reconsideration of the award of costs. Appellants present three arguments on appeal, one of which is a question of first impression challenging Rule 68 under both the United States and Arkansas Constitutions. Jurisdiction of this appeal is therefore properly in this court pursuant to Ark. Sup. Ct. R. 1–

2(a)(1), (b)(1), (b)(3), and (b)(6) (2010). We find no merit to the appeal and affirm.

This case arises from an automobile collision involving five vehicles that occurred near the intersection of Arkansas Highways 7 and 84 in Bismarck, Arkansas. It is undisputed that the collision occurred when Appellee impacted the rearmost of four vehicles stopped in the southbound lane of Highway 7. The first of the four stopped vehicles was yielding to oncoming traffic while waiting to turn left into a private driveway. Appellee admitted to striking the rearmost of the four vehicles. This impact, in turn, caused further impacts down the line of stopped vehicles. Appellants occupied the third vehicle in the line of four stopped vehicles. Their automobile sustained damage from the rear-end impact with the fourth vehicle, as well as the corresponding front-end impact with the second vehicle.

Appellants filed a complaint for negligence against Appellee, claiming damages for physical injuries suffered in the collision. In her answer, Appellee admitted striking the vehicle in front of hers. Approximately fifteen months after the complaint was filed, Appellee made three separate offers of judgment to Appellants. Appellee offered $12,000 to Christopher LaFont, $14,000 to Erin LaFont, and $4,500 to Tyler LaFont.

Approximately eighteen months after the offers of judgment, with Appellee having admitted liability, the sole issue tried to the jury was Appellants' damages. Evidence of Appellants' injuries was disputed at trial. Appellants presented testimony from their chiropractor, Patrick Clary, D.C., that separate Appellants Mr. and Mrs. LaFont suffered injuries to their neck and spine that were due to the accident in question. Appellee presented testimony from Earl Peeples, M.D., who acknowledged some injuries, but disputed that the injuries were due to the accident in question. Family members and co-workers testified that Appellants had little or no interruption in their work and home life. Pursuant to separate, itemized verdict forms, the jury awarded total damages of $3,197.50 to Christopher LaFont, including $2,782.50 for medical expenses and $415 for lost wages. Also pursuant to separate, itemized verdict forms, the jury awarded $2,447.50 to Erin LaFont for medical expenses, and $231.50 to Tyler LaFont for medical expenses. With respect to all three Appellants, the jury awarded $0 for future lost earnings, $0 for pain and suffering, and $0 for the nature, extent, and duration of any injury.

Following trial but prior to entry of the judgment, Appellee filed a motion for costs totaling $6,480.81, based on Rule 68 of the Arkansas Rules of Civil Procedure and her prior offers of judgment to all three Appellants. Appellants responded to the motion for costs, arguing among other things not relevant to this appeal, that Rule 68 violated the equal protection provisions of both the United States and Arkansas Constitutions and their right to a jury trial provided in the Arkansas Constitution.

Subsequently, the circuit court entered a written judgment in which it acknowledged the jury verdicts but then granted in part Appellee's motion for costs in the amount of $6,091.72. The judgment then accordingly decreed that Appellants take $0 on their complaint against Appellee and that Appellee take $215.22 on her motion for costs against Appellants. On the same day it entered judgment, the circuit court also entered a twenty-page memorandum opinion detailing the court's reasoning for granting Appellee's motion for Rule 68 costs.

Appellants timely filed a motion for new trial pursuant to Rule 59 of the Arkansas Rules of Civil Procedure. In addition to

claiming that the verdict was too low and not supported by substantial evidence, Appellants claimed that the jury committed misconduct by ignoring the court's instructions and by rendering an inconsistent verdict. Appellants also claimed that Appellee's counsel made improper and prejudicial remarks during closing argument. The circuit court timely entered an order summarily denying Appellants' motion for new trial.

Appellants then filed a motion for reconsideration of their motion for new trial. On the same day, Appellants filed a separate motion for reconsideration of the award of Rule 68 costs. In this motion, Appellants challenged the constitutionality of Rule 68 on grounds of equal protection, due process, right to jury trial, and the "without purchase" clause of the Arkansas Constitution in article 2, section 13. Appellants also claimed the rule was void for vagueness. The circuit court entered an order summarily denying the motion for reconsideration of Rule 68 costs. Appellants timely appealed each of these rulings, and we now consider their three arguments for reversal.

## I. *New Trial—Jury Failed to Follow Court's Instructions*

Appellants' first argument for reversal is that the circuit court erred in denying their motion for new trial because the jury did not award all elements of damages consistent with the court's instructions. The court instructed the jury on four distinct elements of damage for Appellants Erin and Tyler LaFont and on five distinct elements of damage for Christopher LaFont. However, the jury awarded damages based on only one element of damages, medical expenses, for Appellants Erin and Tyler LaFont, and on only two elements of damages for Appellant Christopher LaFont, medical expenses and lost wages. Specifically, Appellants contend on appeal that because the jury awarded some damages for medical expenses, that necessarily means that the jury determined Appellants suffered some injury, which in turn necessarily means that the jury failed to follow the court's instructions to award damages for the nature and extent of the injuries and the pain and suffering they claimed accompanied those injuries. In short, Appellants claim that the jury's award of some but not all of the elements of damages itemized on the verdict form was caused by the jury's failure to follow instructions that resulted in an inconsistent verdict and, therefore, warrants a new trial.

The record reveals that after the verdict was read in open court, Appellants' counsel requested that the jury be polled; each juror responded that the verdict as read was his or hers. The record also reflects that Appellants made no further objection or argument to the circuit court that the verdict was inconsistent or contrary to the court's instructions. The argument now presented on appeal was not presented to the circuit court until Appellants filed their motion for new trial.

Our law is well settled that the time to object to an irregularity or inconsistency in the verdict or to correct or clarify the verdict is before the jury is discharged, and any failure to so object operates as a waiver of the irregularity or inconsistency. *SEECO, Inc. v. Hales,* 341 Ark. 673, 22 S.W.3d 157 (2000); *P.A.M. Transp., Inc. v. Ark. Blue Cross & Blue Shield,* 315 Ark. 234, 868 S.W.2d 33 (1993); *Center v. Johnson,* 295 Ark. 522, 750 S.W.2d 396 (1988); *Hodges v. Bayley,* 102 Ark. 200, 143 S.W. 92 (1912). The purpose of this rule is to allow the trial court to resubmit an inconsistent verdict to the jury. *P.A.M. Transp., Inc.,* 315 Ark. 234,

868 S.W.2d 33. This court has explained as follows:

> The verdicts of a jury should in any and all cases reflect the true and correct and final conclusions of the jury, and if before discharging the jury it was made known to the court that the jury had misunderstood the instructions, no error is committed in permitting the jury to further consider their verdict, after the instructions have been explained.

*Clift v. Jordan,* 207 Ark. 66, 69–70, 178 S.W.2d 1009, 1011 (1944) (citing *Street v. Stuart,* 38 Ark. 159 (1881)). Because Appellants did not bring their argument concerning the failure to follow instructions and inconsistent verdict to the trial court's attention before the jury was discharged, they have waived the matter. We therefore express no opinion on whether the verdict as rendered in this case amounts to a failure to follow instructions or an inconsistent verdict, or whether, as Appellee responds, it amounts to the jury's rejection of Appellants' evidence and acceptance of Appellee's theory that Appellants did not suffer any injury proximately caused by the accident on trial, but did act reasonably in seeking medical attention soon thereafter.

## II. *New Trial—Improper Closing Argument*

■ For their second point for reversal, Appellants contend that the circuit court erred in denying their motion for new trial based on remarks of Appellee's counsel during closing argument. Appellants contend that the challenged remarks were an improper comment on counsel's own observations and opinions and amounted to testimony bearing on Appellants' credibility. The challenged remarks, the objection, and the court's resolution of the issue occurred as follows:

MR. HUCKABAY: ... And by the way, for 3 days, I have not seen, maybe you have, uncomfortable sitting, uncomfortable posture. That speaks. That's evidence. What they've done right here.

MR. CHANEY: Your Honor, I'm going to object. It's clearly improper for counsel to try to testify about what he saw or didn't see in the courtroom.

MR. HUCKABAY: I'll retract that. If anybody has seen any movements or whatever, but I asked her, and I don't think it is improper, but I'll just retract it.

THE COURT: Well, it's been retracted, so go ahead and proceed.

Appellants concede that Appellee's counsel retracted his remarks. The record is clear that the retraction occurred in the presence of the jury and that Appellee's counsel proceeded with his argument into other subject areas without repeating similar comments. The record is also clear that Appellants did not request an admonition to the jury, a continuance, or a mistrial. However, the court did later give the general instruction that arguments of counsel are not to be considered as evidence.

■ A trial court is accorded great latitude in correcting any prejudicial effect of argument by counsel, and we do not reverse unless it appears that prejudice resulted from the improper argument and the court's admonition was insufficient to remove the prejudicial effect from the jurors' minds. *Stamper v. Aluminum & Zinc Die Cast Co.,* 283 Ark. 92, 671 S.W.2d 170 (1984). Appellants now claim that Appellee's counsel's closing argument was highly prejudicial as evidenced by a low award of damages, but Appellants' counsel did not request an admonition or mistrial after the retraction. Instead, Appellants' counsel appeared satisfied with the retraction. Moreover, the jury was later in-

structed that they were not to consider arguments of counsel as evidence. In similar circumstances, this court has found no reversible error. *See, e.g., id.; see also Howe v. Freeland*, 237 Ark. 705, 375 S.W.2d 666 (1964).

We likewise find no reversible error in the present case. While we agree that attorneys should refrain from making personal comments on the evidence, the remarks here were immediately retracted upon objection, and the comments did not continue. Appellants' counsel appeared satisfied with the retraction as he did not immediately request an admonition, continuance, or mistrial. Even so, the circuit court did later give the general instruction that counsel's remarks were not to be considered evidence. The case then proceeded to a jury verdict in favor of Appellants, albeit in an amount that is not acceptable to Appellants. We see no prejudice here, and no abuse of discretion in denying the motion for new trial on these grounds.

Before moving on, we note briefly Appellants' contention that the alleged error of the challenged remarks was compounded by the fact that Appellants had sought to exclude this type of argument in a motion in limine. According to the record, a pretrial hearing was held on a motion in limine that covered many subjects, one of which was what constitutes proper closing arguments; the record does not, however, include the written motion in limine that was discussed. The circuit court reserved ruling on the issue of closing argument until it was time for closing argument to be presented; thus, there is no merit to this contention.

## III. *Rule 68*

As their third and final point for reversal, Appellants assert that Rule 68, "as written and applied is unconstitutional since it does not treat plaintiffs and defen-

dants equally." Within this third point, Appellants raise several subpoints relating to the right to trial by jury in article 2, section 7 of the Arkansas Constitution, the equal protection provisions of the United States and Arkansas Constitutions, the "without purchase" clause in article 2, section 13 of the Arkansas Constitution, and the void for vagueness doctrine. After reviewing the rule and its purpose, we consider these subpoints separately.

Rule 68 provides in its entirety as follows:

*Rule 68. Offer of Judgment.*

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and judgment shall be entered. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment exclusive of interest from the date of offer finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served

within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability. For purposes of this rule, the term "costs" is defined as reasonable litigation expenses, excluding attorney's fees.

Ark. R. Civ. P. 68 (2010).

The operation of the rule is clear. When a defendant timely makes a good-faith offer of judgment that is not accepted, and the plaintiff fails to recover a judgment that is more favorable than the defendant's offer, the liability for payment of the defendant's post offer costs are shifted to the plaintiff.

Rule 68 encourages early settlement of claims and protects the party who is willing to settle from expenses and costs that will subsequently accrue. *Warr v. Williamson*, 359 Ark. 234, 195 S.W.3d 903 (2004). The purpose of Rule 68 is to provide a defendant the means to compel a plaintiff to consider anew the merit of his or her claim at the time the offer is made and whether continued litigation is appropriate. *Id.*

### A. Right to Trial by Jury and Right to be Made Whole

Appellants contend that Rule 68, which by its terms applies only to offers made by defendants, violated their fundamental right to a trial by jury under the Arkansas Constitution because Rule 68 is not the least restrictive means of achieving the state's interest in encouraging the settlement of claims. Appellants contend that, if Rule 68 was reciprocal and allowed plaintiffs as well as defendants to make offers of judgment and enforce them with the rule's cost-shifting benefits, then Rule 68 would be implemented in the least restrictive manner possible. At the outset, we note that, while Appellants invoke their right to a jury trial in making this argu-ment, this is in essence an equal-protection argument, and we address Appellants' equal-protection claim in detail below.

In its memorandum opinion, the circuit court found *Black v. Goodwin, Loomis and Britton, Inc.*, 239 Conn. 144, 681 A.2d 293 (1996), to be persuasive and concluded that Rule 68 did not infringe on Appellants' right to a jury trial. The circuit court reasoned that, despite Appellants' claims that their right to trial by jury was chilled or limited by Rule 68, they elected to go forward and try their case before a jury. Were Rule 68 to have the chilling effect claimed by Appellants, we agree with the circuit court that they "would have accept-ed the prior offers of judgment rather than having tried the case to a verdict."

The right to a jury trial under article 2, section 7 of the Arkansas Constitution is a fundamental right that extends to all cases triable at common law. *Anglin v. Johnson Reg'l Med. Ctr.*, 375 Ark. 10, 289 S.W.3d 28 (2008). While this court has not previously considered whether Rule 68 violates the right to trial by jury, we have previously held that when the right to jury trial is not precluded by a procedural rule or statute, the procedural rule or statute passes constitutional muster. *See, e.g., id.; see also Neeley v. Barber*, 288 Ark. 384, 706 S.W.2d 358 (1986). Accordingly, given that Appellants did receive a jury trial, we find no error in the circuit court's ruling that Rule 68 did not infringe on Appellants' right to trial by jury.

As part of their jury-trial argument, Appellants also contend that Rule 68 violates the public policy behind the "made whole" doctrine adopted by this court in *Franklin v. Healthsource of Arkansas*, 328 Ark. 163, 942 S.W.2d 837 (1997). This aspect of Appellants' argument was nei-ther raised nor ruled upon below, and we therefore do not consider it on appeal.

*See Bell v. Bershears,* 351 Ark. 260, 92 S.W.3d 32 (2002).

**B. Equal Protection**

■■■ Appellants contend that Rule 68, as written, violates the equal protection clauses of the United States and Arkansas Constitutions because it allows a defendant to make an enforceable offer of judgment but does not extend the same privilege to a plaintiff. In addition, Appellants also claim that, as applied to this case, Rule 68 discriminates against Appellants in that all of them were travelers riding in motor vehicles and were therefore similarly situated. Appellants argue that the rule as applied to this case improperly distinguishes Appellee as an admittedly negligent operator of a motor vehicle from Appellants. According to Appellants, this distinction is not rationally related to achieving the legitimate state purpose of promoting settlement of claims between parties.

At the outset we note that, despite Appellants' assertions to the contrary, the only basis upon which Rule 68 distinguishes between Appellants and Appellee is on the basis of their classification as a plaintiff or a defendant. This is true with respect to the way the rule is written and the way it is applied.

■■■■ Having previously determined that Appellants' fundamental right to a jury trial under our state constitution has not been violated, and there being no suspect classification, the applicable constitutional standard of review is the rational-basis test. *Archer v. Sigma Tau Gamma Alpha Epsilon, Inc.,* 2010 Ark. 8, 362 S.W.3d 303. Under the rational-basis test, we presume Rule 68 to be constitutional and rationally related to achieving its objective. *See id.* As the party challenging Rule 68, it is Appellants' burden to prove the rule unconstitutional. *Id.*

In its memorandum opinion, the circuit court observed that other courts have held that plaintiffs and defendants are not similarly situated for purposes of equal-protection analysis. *See, e.g., Wall v. Cherrydale Farms, Inc.,* 9 F.Supp.2d 784 (E.D.Mich. 1998); *Blakeslee Arpaia Chapman, Inc. v. EI Constructors, Inc.,* 239 Conn. 708, 687 A.2d 506 (1997). The circuit court then went on to rule that, even assuming arguendo that plaintiffs and defendants were similarly situated, Rule 68 would easily pass muster under a rational-basis standard of review because, as the United States Supreme Court observed when considering Rule 68 of the Federal Rules of Civil Procedure, the policy of the rule in encouraging settlements is neutral, favoring neither plaintiffs nor defendants. *Marek v. Chesny,* 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985), *superseded on other grounds by statute,* Civil Rights Act of 1991, Pub. L. No. 102–166. The circuit court quoted the following in its memorandum opinion:

> Rule 68's policy of encouraging settlements is neutral, favoring neither plaintiffs nor defendants; it expresses a clear policy of favoring settlement of all lawsuits. Civil rights plaintiffs—along with other plaintiffs—who reject an offer more favorable than what is thereafter recovered at trial will not recover attorney's fees for services performed after the offer is rejected. But, since the Rule is neutral, many civil rights plaintiffs will benefit from the offers of settlement encouraged by Rule 68. Some plaintiffs will receive compensation in settlement where, on trial, they might not have recovered, or would have recovered less than what was offered. And, even for those who would prevail at trial, settlement will provide them with compensation at an earlier date without the burdens, stress, and time of litiga-

tion. In short, settlements rather than litigation will serve the interests of plaintiffs as well as defendants.

*Id.* at 10, 105 S.Ct. 3012.

Although the Supreme Court made these comments when addressing the question of a civil-rights plaintiff's effective access to the judicial process, rather than in an equal-protection context, we nevertheless agree with the statements concerning the neutral effect of the federal Rule 68, which is similar to our Rule 68 in that both apply only to offers made by defendants.

▰ We agree with the circuit court that plaintiffs and defendants are not similarly situated classifications or groups. The former is a party to a lawsuit by choice, while the latter of course is not. As a result, the plaintiff may voluntarily offer to settle, or even dismiss, his case, and therefore needs no means of enforcing an offer of settlement. A defendant, on the other hand, has no such ability to enforce an offer of settlement. There is no similarity between the two parties, and in fact they are opposites. "The Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." *Tigner v. Texas*, 310 U.S. 141, 147, 60 S.Ct. 879, 84 L.Ed. 1124 (1940). Accordingly, we conclude the circuit court was correct and that Appellants have failed to carry their burden of establishing that Appellants and Appellee are similarly situated in the pretrial settlement context. Consequently, in light of the purpose of fostering settlement, it is not irrational for Rule 68 to distinguish between the two. The equal protection clauses of both the Arkansas and United States Constitutions are therefore not implicated.

## C. Void for Vagueness; Without Purchase

▰ With respect to Appellants' final constitutional challenge to Rule 68, we note Appellants' argument that Rule 68 is void for vagueness because it mandates recovery of "costs," including "reasonable litigation expenses," without defining what either phrase means. Appellants also claim that Rule 68 violates the "without purchase" clause of the Arkansas Constitution, which states that litigants must be able to obtain justice freely and without purchase. Ark. Const. art. 2, § 13.

▰ Appellants raised both of these arguments for the first time in their motion for reconsideration of the award of Rule 68 costs. This court has stated that an issue must be presented to the trial court at the earliest opportunity in order to preserve it for appeal, and even a constitutional issue must be raised at trial in order to preserve it for appeal. *Jones v. Double "D" Props., Inc.*, 352 Ark. 39, 98 S.W.3d 405 (2003). Stated another way, a party may not wait until the outcome of a case to bring an error to the trial court's attention. *Id.* This principle likewise applies to the current situation. Appellants cannot be heard to complain for the first time in their motion for reconsideration after the circuit court has issued its ruling on Appellee's motion for Rule 68 costs. Appellants did not present these arguments to the circuit court in their response to Appellee's motion for costs, which would have been the earliest opportunity. Accordingly, we conclude these arguments were not timely raised below and are therefore not preserved for our review on appeal.

The judgment and orders awarding costs are affirmed.