Cite as 2020 Ark. App. 254

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV-19-560

| | |
|---|---|
| TED BENTLEY<br><br>APPELLANT<br><br>V.<br><br>MARY BENTLEY<br><br>APPELLEE | **Opinion Delivered** April 22, 2020<br><br>APPEAL FROM THE PERRY COUNTY CIRCUIT COURT<br>[NO. 53DR-17-137]<br><br>HONORABLE MACKIE M. PIERCE, JUDGE<br><br>AFFIRMED |

### BRANDON J. HARRISON, Judge

Ted Bentley appeals a final order of protection entered by the Perry County Circuit Court prohibiting him from contacting his wife, Mary Bentley, until 6 March 2024. The protective order also excludes him from the marital residence and from Bentley Plastics, a family workplace. We affirm the circuit court's order.

I.

When this case was tried before the circuit court in 2019, Ted Bentley and Mary Bentley were in the process of divorcing after more than thirty years of marriage. The case started in December 2017 when Mary obtained an ex parte order of protection that was made final in February 2018. In January 2019, Mary asked the court to extend the order of protection five more years. She alleged that Ted had violated the order of protection within the past year, that he had been arrested and jailed for violating the protection order, and that

he was "very irrational" because of his methamphetamine use. She said she was afraid that Ted would kill her.

The circuit court held a hearing on Mary's petition. Both parties were represented by attorneys. At the hearing, Mary presented evidence that Ted had violated the order of protection by waiting for her at the end of her driveway and flipping her off. She described Ted's conduct involving firearms when he was under the influence of methamphetamine. She told the court, "I very much fear for my life."

Ted and Mary's son, Travis, told the court that Mary would "absolutely" be in danger if the order of protection was lifted. He said that his father's past behavior made him believe that he would act violently toward his mother, that there are still bullet holes in the house where his father "shot at people that don't exist," and that his father "was admitted into a hospital for shooting himself while hunting animals that did not exist while high on meth." According to Travis and Mary, Ted had a long history of serious substance abuse and several rounds of inpatient treatment had been unsuccessful.

Agneso Leech, a Bentley Plastic employee, testified that within the past year Ted had followed her (Ms. Leech) too closely in a car, yelled at her, and pointed his finger at her in the shape of a gun. She said that she feared Ted because he "approaches me everywhere . . . if the opportunity arises . . . except at the plant, where [we] are protected by the Order of Protection . . . I'm afraid of him—what he would do to me."

Ted testified that the hand gesture about which Leech testified was his way of saying "hi." He admitted violating the existing order of protection and agreed that he had received treatment for substance abuse. He denied using any illegal drugs since early February 2018.

According to Ted, he used methamphetamine for six months when his marriage was falling apart but had not had a problem with it in more than a year. He said that neither Mary nor Leech was in danger and that Mary had no reason to be scared.

After hearing the testimony and questioning Ted about a few things, the circuit court found Mary to be "very credible" and Ted to be "less than credible." Mary, according to the court, "has a reasonable belief or fear of imminent physical harm or injury from [Ted]." The court also stated,

> Now then, I heard Ms. Leech's testimony, and I watched Ms. Leech very closely while she was on the witness stand. And it is my firm belief that Ms. Leech is extremely afraid of you. And I think she has good reason to. This hand gesture that you demonstrated for the Court is clearly a gesture that would be, in my mind, clearly one of using, or having a firearm, or representing a firearm. And your explanation is really almost incredible. It's just not believable, and I don't believe you for a minute. It's a threatening gesture.

Consistent with its oral ruling, the court entered an order of protection that expires on 6 March 2024. Ted appealed.

## II.

Ted's first point on appeal relates to the standard of proof for renewing an order of protection. He argues that the standard is clear and convincing evidence, not a preponderance of the evidence. Because Ted never made this argument to the circuit court, it is not preserved for our review. *See Ritter v. Ark. Dep't of Human Servs.*, 2017 Ark. App. 9, at 8, 511 S.W.3d 343, 348 (refusing to discuss higher stand of proof under ICWA because it was not raised and ruled on in the circuit court).

Ted's second argument is twofold. First, he makes a one-sentence argument that "the duration of the order is far out of proportion for the alleged conduct here." He does

3

not develop the argument or cite any evidence to support this conclusion. We do not research or develop arguments for parties. *Smith v. Heather Manor Care Ctr., Inc.*, 2012 Ark. App. 584, at 7, 424 S.W.3d 368, 374. We therefore decline to address this argument.

The second facet of Ted's second point on appeal is that he asks us to "rule that to renew an order of protection means to impose the same expiration date that was originally imposed." *See* Ark. Code Ann. § 9-15-205(b) (Repl. 2015). Because Ted never alerted the circuit court to this statute or argued that the court's power to renew the protection order in this case was limited to one year, we will not review it now. *LaFont v. Mooney Mixon*, 2010 Ark. 450, 374 S.W.3d 668 (appellant failed to raise and get a ruling on his or her argument).

Next, Ted argues that Mary failed to file a verified motion to modify the order of protection. But he did not object to Mary's 2019 petition or alert the court to a potential verification problem, and the case proceeded to trial with sworn testimony from Mary and others on the allegations contained in the petition. It is too late to raise this verification issue now.

The domestic-violence protection order entered in this case was authorized by the statute and supported by the evidence. Consequently, it is affirmed.

Affirmed.

VIRDEN and VAUGHT, JJ., agree.

*Gregory E. Bryant*, for appellant.

*James, House, Downing & Lueken, P.A.*, by: *Kayla M. Applegate*, for appellee.

4